# Lord *v.* City of Mobile.

*Action against Municipal Corporation for Injuries Resulting from Defective Sidewalks.*

1. *Action against municipal corporation for defective sidewalks; sufficiency of complaint; notice of defect.*—In an action against a municipal corporation to recover damages for personal injuries sustained by reason of defective sidewalks, a complaint which alleged that the defendant negligently allowed a dangerous hole to remain in one of its sidewalks along which the public were accustomed to pass, &c. sufficiently charges the defect in the sidewalk and notice of its existence; such averment importing that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care on the part of the defendant.

2. *Replication as joinder in issue; overruling demurrer harmless error.* The action of the trial court in overruling a demurrer to a replication which is in effect a joinder in issue is not a reversible error.

3. *Municipal corporations; defective sidewalks; ability to keep in repair.* Where a city, by its charter, is empowered and is required to keep its sidewalks in repair, it is liable for personal injuries suffered from the negligent performance of the duty thus enjoined, and in an action for personal injuries resulting from a defect in the sidewalk, it is no defense that the municipality has no funds with which to repair the sidewalk, unless it is shown that all the means at the command of the municipal authorities for the performance of the duty enjoined by the charter had been exhausted.

[Lord v. City of Mobile.]

4. *Charter of municipal corporation; courts take judicial notice thereof.*—The charter of a municipal corporation is a public statute, of which courts will take judicial notice.

5. *Action against municipal corporation for injuries resulting from defective sidewalk; evidence of plaintiff's color and character irrelevant.*— In an action against a municipal corporation to recover damages for injuries resulting from a defective sidewalk, evidence of the color or race of the plaintiff and of specific acts derogatory of his character are irrelevant, immaterial and inadmissible.

6. *Same; evidence of contract for street repairs and expenditure of all public money inadmissible.*—In an action against a municipal corporation to recover damages for personal injuries sustained by reason of a defective sidewalk, the fact that the municipal authorities had expended all the public money under a contract for the keeping of streets in repair, and in other departments, is no defense, and the evidence of such fact is inadmissible without showing that defendant has exhausted all its powers as conferred by charter to raise revenue.

7. *Same; requirement of property owners to keep sidewalk in repair is no defense.*—Where a city, by its charter, is required to keep its sidewalks in repair, it is no defense to an action against it for personal injuries resulting from a defective sidewalk, that it required property owners to keep up their sidewalks.

8. *Same; ordinary care; assumption of good condition.*—Pedestrians have a right to assume that the streets of a municipal corporation are in ordinarily good condition, and are required to exercise only ordinary care, unless they know of dangerous defects.

9. *When affirmative charge properly given; case at bar.*—In an action against a municipal corporation to recover damages for personal injuries resulting from a defective sidewalk, where it is shown that the plaintiff, without knowledge of said defect and without fault on his part, stepped into a hole in the sidewalk which had existed sufficiently long to have been discovered and remedied by the exercise of due care by the municipal authorities, who were authorized under the charter to keep the streets and the sidewalks in repair, and it was not shown that they were powerless to remedy the defect, the plaintiff is entitled to recover, and the general affirmative charge should be given at his request.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellant, Edward P. Lord, against the appellee, the City of Mobile, to recover damages for injuries, alleged to have been received by reason of the defendant negligently allowing a dangerous hole to remain in one of its sidewalks at a designated place, by reason of which the defendant stepped into said hole, and broke his leg and sustained other injuries.

[Lord v. City of Mobile.]

The pleadings and the rulings thereon are sufficiently stated in the opinion, as is also the evidence tending to sustain the plaintiff's case.

The court, against the separate exceptions and objections of the plaintiff, allowed the defendant to evoke on the cross examination of the witnesses, testimony tending to show that the plaintiff was a white man and was married to a negro, and that he was made to leave Texas where he was teaching school, by reason of his immorality. These rulings are called into question by the assignments of error numbered 20, 21, 22, 42, 43, 44, 45, 46, 47, 48 and 49.

The testimony of Mr. Rich, which was allowed against the objection and exception of the plaintiff, is sufficiently stated in the opinion. The testimony of Mr. Fry, who was chairman of the finance committee of the General Council of the city of Mobile was substantially to the same effect as the testimony of Mr. Rich.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the many rulings of the trial court to which exceptions were reserved.

GREGORY L. & H. T. SMITH, for appellant.—1. The defendant demurred to the complaint because it did "not allege or show that the defendant had knowledge or notice of the existence of said hole or dangerous place." The court sustained this demurrer, but we think erroneously so, because the allegation of the complaint that the defendant *negligently* allowed a dangerous hole to remain in its sidewalk was equvialent to an allegation of knowledge or notice.—*L. & N. R. R. Co. v. Hawkins*, 92 Ala. 244. If it is true that plaintiff must aver and prove notice, the facts stated in the complaint are sufficient, as an averment of implied or constructive notice.—*City Council v. Wight*, 72 Ala. 420 ; *Reed v. Northfield*, 13 Pick. (Mass.) 94 ; *Harriman v. Boston*, 114 Mass. 245 ; 2 Dillon on Munic. Corp., p. 1295.

A plea of the want of means to repair the sidewalk should clearly allege that this want of means did not arise from the fault of the defendant, otherwise the very abuse of its powers by the application of all its means to improper purposes would operate to relieve the city of its plain statutory duty to citizens. This prin-

[Lord v. City of Mobile.]

ciple is well illustrated in the law of contracts. A party making performance of the contract impossible by his own act, can not take advantage of non-performance and thereby avoid liability.—3 Addison on Contracts, (8th ed.) 800; 10 Amer. & Eng. Encyc. of Law, 183; *Gallagher v. Nichols*, 60 N. Y. 440; *Burtis v. Thompson*, 42 N. Y. 246; Bishop on Contracts, § 1426; *Mayor v. Lewis*, 92 Ala. 352; *Hines v. Lockport*, 50 N. Y. 237; *Roanoke v. Harrison*, 19 So. East. Rep. 179. The court takes judicial notice of the charter of the city of Mobile. *Albrittin v. Huntsville*, 60 Ala. 493; *City Council v. Wright*, 72 Ala. 420; *Smoot v. Wetumpka*, 24 Ala. 121; *Case v. Mayor*, 30 Ala. 538; *Perryman v. Greenville*, 51 Ala. 507; *Wetumpka v. Wetumpka Wharf Co.*, 63 Ala. 611; *City Council v. Hughes*, 65 Ala. 203; *N. Bir. St. R. Co. v. Calderwood*, 89 Ala. 255.

2. The court, therefore, judicially knows the duty was expressly imposed, 1st, that the City of Mobile should keep its sidewalks in a safe condition; 2d, that it was empowered to raise money by taxation for that purpose; and the plea of its want of means, being therefore in conflict with the facts judicially known to the court, was bad. The demurrer setting forth this infirmity should have been sustained. See Charter of Mobile, §§ 20 and 26 approved October 10th, 1886.

The defense of want of funds is not available where the duty is expressly imposed by statute, as in this case. *City of Selma v. Perkins*, 68 Ala. 145; *Albrittin v. Mayor, &c. Huntsville*, 60 Ala. 493.

Nor has this defense any application where, as in this case, the charter confers upon the city the power to raise money by taxation, for keeping its sidewalks in proper condition.—*Albrittin v. Mayor &c. Huntsville*, 60 Ala. 494; *Selma v. Perkins*, 68 Ala. 145; 24 Amer. & Eng. Encyc. of Law, p. 88; *Weed v. Village of Ballston Spa*, 76 N. Y. 330; *Whitfield v. City of Meridian*, 66 Miss. 570.

3. Morality or immorality of the plaintiff in a suit to recover for personal injuries, is irrelevant and immaterial to the issue.—*Johnson v. Wells, Fargo & Co.*, 6 Nevada, 224; 7 Amer. & Eng. Encyc. of Law, 82; *Indianapolis R. R. Co. v. Bush*, 101 Ind. 582. And even where the character of the party is material, it can not be shown by evidence of a particular or specific act. 3 Amer. & Eng. Encyc. of Law, 114; *Nugent v. State*, 18

Ala. 521; *Moore v. State,* 68 Ala. 360; *McInerny v. Irvin,* 90 Ala. 275; *Lowery v. State,* 98 Ala. 45; *Rhea v. State,* 100 Ala. 119; *Hussey v. State,* 87 Ala. 121; *Smith v. State,* 88 Ala. 73.

PETER J. HAMILTON, *contra.*—1. The court committed no error in sustaining the demurrer and requiring the plaintiff to allege knowledge, actual or constructive, of a hole in the sidewalk. In a city with 150 miles of sidewalk it is impossible to detect every hole intuitively. A city is an artificial person, but has no nervous system, natural or artificial, to detect a cavity anywhere in its surface. Such allegations is required for defect in machinery; how much more important, then, in the case of a great city.—*City Council v. Wright,* 72 Ala. 420; *Seaboard Manfg. Co. v. Woodson,* 94 Ala. 143; Beach on Pub. Corp., § 1528. The plaintiff must in every case set out the facts constituting the negligence, that is, the violation of duty.—Shearman & Redf. Negligence, § 12; *Phœnix Co. v. Moog,* 78 Ala. 284.

2. Evidence that the plaintiff was a white man living with a negro woman was relevant and material, and should have been admitted. There can be no punitive damages recovered of a municipal corporation.—*Mayor v. Lewis,* 92 Ala. 356; Dillon on Munic. Corp., § 1020. So that in this case especially it is a question, as primarily it is in all damage suits, of compensation only. *Brigham v. Carlisle,* 78 Ala. 243. Everything, therefore, bearing on proper compensation is material and relevant. In this inquiry, age, expectancy, earnings sufficing, disability, all enter.—*L. & N. R. R. Co. v. Davis,* 99 Ala. 593; *M. & O. R. R. Co. v. George,* 94 Ala. 201. Loss of capacity to follow one's business is an element of damage.—*A. G. S. R. R. Co. v. Yarborough,* 83 Ala. 238; *Vicksburg R. R. Co. v. Putnam,* 118 U. S. 545. Sobriety, industry, health, net income, business, reasonable expectations, &c., are admissible.—*L. & N. R. R. Co. v. Orr,* 94 Ala. 602; *R. & D. R. R. Co. v. Hammond,* 93 Ala. 181. Not only so, but the exceptional character or conduct of plaintiff impairing his title to compensation or diminishing his injury is admissible.—1 Sutherland, Damages, 453; Code of 1886, § 4018.

3. The evidence offered that there was a contract with a pavement company for the care of the streets of

the city, and that there was an ordinance compelling
the property owners to keep the sidewalks in repair was
relevant, material and admissible.—*Tabler v. Shef-
field*, 79 Ala. 377; *Griel v. Lomax*, 86 Ala. 132; *Corpen-
ing v. Worthington*, 99 Ala. 541; *M. & O. R. R. Co. v.
George*, 94 Ala. 222.

4. The lack of funds and means to make the needed
repairs presented a defense. It is not deemed necessary
to discuss the argument that the city had funds enough
to fix this *one* alleged hole. It probably had funds enough
to do a number of things; but the same necessity ex-
isted for a thousand other things—and then it did not
have the money. The question is as to funds to keep
streets in repair all over the city, not to stop one hole in
particular. This one place had no greater claim than a
hundred other localities. The law is that there is no
duty to do a thing where there is no power to do it; no
liability for damages if no funds to keep the street in
repair.—*Whitfield v. Meridian*, 31 Amer. & Eng. Corp.
Cases, 15; *Clapper v. Waterford*, 41 *Id.* 494; Elliott
on Roads, pp. 445-6; Beach, Pub. Corp., § 1489. Of
course, if there are other powers, such as to compel
citizens to do road duty, it must be shown that these also
have been exhausted.—*Mayor &c. of Birmingham v.
Lewis*, 92 Ala. 352; *New Albany v. McCulloch*, 35 Amer.
& Eng. Corp. Cases, 529. But Mobile has no such re-
course. Even plaintiff's attorney could show no clause
in the charter that authorized the city even to call on
property owners to repair sidewalks, which the city had
done, nevertheless.—Charter, Acts, 1886-87, p. 223, § 21.
It was with the view of showing the absorption of all
the city funds in necessary police functions that the evi-
dence was introduced of how much that income was and
what was done with it.—Beach, Pub. Corp., § 1489.

5. The city had the right to expend all of its available
funds in selecting the roadway for repair, and not taking
care of sidewalks; because if its funds are insufficient,
the right of election as to how they shall apply them is
a legislative discretion which resides with the municipal
authorities. The duty of selecting between municipal
needs rests with the city authorities.—*Monk v. New
Utrecht*, 18 Am. & Eng. Corp. Cases, 352; 2 Dillon
Mun. Corp., § 949; *Hines v. Lockport*, 50 N. Y. 236. It
will be presumed public officers performed their duty.

Elliott on Roads, p. 638. The court will not even infer a negligent defect from proof of injury.—Tiedeman, Mun. Corp., § 343 ; 11 Am. & Eng. Corp. Cas., 551 ; Shearman & Redf. Negligence, § 12.

HARALSON, J.—1. The complaint as originally filed contained the averment, that the defendant, a municipal corporation, was charged with the duty of keeping its sidewalks in a safe and proper condition ; that it negligently allowed a dangerous hole to remain in one of its sidewalks on the corner of Scott and St. Francis street in the city of Mobile, along which the public were accustomed to pass &c. The averment that the defendant allowed a dangerous hole to remain in one of its sidewalks, as averred, imports that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care on the part of the defendant. The allegation of the defect, and of notice of its existence was sufficient. The question of negligence, where the facts are disputed, or different minds might draw different conclusions, is always one of fact for the determination of the jury.—*City Council v. Wright*, 72 Ala. 411 ; *L. & N. R. R. Co. v. Hawkins*, 92 Ala. 241, 244 ; *Albrittin v. The Mayor &c.*, 60 Ala. 486.

2. By the sustaining of a demurrer interposed to the complaint as originally filed, the plaintiff was forced to amend his complaint by averring that the defendant had notice, or would have had knowledge, of the existence of the defect, if it had exercised reasonable care in the premises. Demurrer was again interposed to the complaint which was properly overruled. The complaint as amended was no more in legal effect and sufficiency than the original, which implied all that was averred after amendment. Pleas were then filed, which amounted to nothing more than the general issue, and pleas of contributory negligence. The plaintiff, however, filed a replication to the 8th plea,—which plea averred a want of notice or knowledge on defendant's part of the alleged defect,—setting up that the failure of the defendant to know that said defective condition of the sidewalk existed, was due to its failure to exercise reasonable diligence to learn of its defective and dangerous condition in order to keep the same in a proper and safe condition and repair, as it was its duty to do. A demurrer to this

replication was properly overruled. It really set up nothing that was not available on the plea of the general issue to the complaint.

3. The defendant then filed pleas 9, 10 and 11. The first of these,—the 9th,—set up a lack of power and means to repair the sidewalks; the 10th, that the city had exhausted its means for care of streets, by contract for the care of the road-way and was not able to repair; and the 11th, that defendant was not bound to keep them in repair.

The 9th was a mere conclusion of the pleader. It fails to aver that the defendant was deprived of the power and means to repair, without fault on its part. The charter of the city, makes it the duty of the general council "to establish and keep open all side-walks, drains and sewers necessary to the convenience or health of the citizens, and to see that the same are kept in proper repair;" and for municipal purposes, they are authorized to levy a tax of six-tenths of one per cent on the value of all property, or subjects of taxation as assessed by the State during the previous year.—Acts of 1886-87, pp. 236, 250, §§ 20, 26. The courts take judicial knowledge of this charter, and where a special duty is enjoined on the city by its charter, to keep its sidewalks in repair, it is answerable in damages to any one who suffers injury from the negligent performance of this duty.—*City of Selma v. Perkins*, 68 Ala. 148; *City Council v. Wright*, *supra*. In the case of the *Mayor v. Lewis*, 92 Ala. 352, it was well said, that "a municipal corporation disregards one of its plainest duties when it permits an unguarded pit * * * to remain in a city thoroughfare, where of necessity it is a constant peril to travellers," and, "we have not discovered any case in which a municipal corporation has been held relieved of responsibility for damages resulting from a defect in the street of a city because of the insufficiency of the means at the disposal of the authorities for purposes of street improvement or repairs;" holding that such a principle can be invoked, if at all, only when the corporation has not the power conferred to raise the means for such purposes.—24 Am. & Eng. Encyc. of Law, 87, 88, and authorities cited.

Referring to the powers bestowed by charter to raise revenues in *Lewis' Case*, (the one just quoted from), it

[Lord v. City of Mobile.]

was added: ''The power conferred by those acts constitute resources for street improvements and repairs. The offer of proof, not having gone to the extent of showing that the city authorities had exhausted the means at their command for the performance of the duty imposed, the evidence [of a lack of means] was immaterial, and for that reason was properly excluded.'' The 10th and 11th pleas for the same reasons were vicious, and demurrers to them and the 9th should not have been overruled.

4. All the questions the court allowed against the objection of plaintiff, as to his color, the color of his wife and her mother, should have been excluded. The matters inquired about had nothing to do with the case, and the only effect of such evidence was to unduly prejudice the jury against the plaintiff. The reason assigned that it had a bearing on the question of damages, since a man of the sort it was attempted to be shown the plaintiff was, could not earn much, did not justify the rulings. If its object was to contradict the plaintiff, it was about facts collateral merely to the issue; and we all know, that the character of the plaintiff, if that was the purpose of the evidence, cannot be established by specific acts. We will not comment further on the introduction of this evidence, than to say, that we regret such questions should have been asked and allowed.—*Dolan v. The State*, 81 Ala. 11; *L. & N. R. R. Co. v. Pearson*, 97 Ala. 212, 219.

5. The overruling of plaintiff's objections to evidence allowed to be introduced by defendant, as indicated in assignments of error 20, 21, 22, 42, 43, 44, 45, 46, 47, 48 and 49, was erroneous. The evidence introduced was not admissible against the objections interposed, that it was irrelevant, immaterial and incompetent.

6. The introduction in evidence of the contract between the city and the Wood Pavement Company, for keeping the streets of the city in repair, was objected to by plaintiff. This contract did not in any wise relate to sidewalks and their repair, but to streets proper. The object of the evidence as insisted was, to show that the city, under this contract, paid $21,000 a year for street improvement, which, with other sums expended, exhausted its means to repair the sidewalks. But, this evidence was irrelevant. There was no offer by defend-

ant to show that it had exhausted all its powers as conferred by charter to raise revenue, and that all its resources to this end had been fairly and fully exhausted, with no fault on its part, in doing what the charter enjoined as a duty. Mr. Rich, who was the mayor at the time, testified, that the city made no provision for the sidewalks except to appoint an inspector to compel property owners to keep them up and in repair; that they were treated as private property; that the $21,000 contracted to be paid the said contractor was to keep the streets in repair and lay 5,500 square yards of paving, each year; that it was discretionary with the general council as to what departments it would apply the city revenues, and that they considered the needs of the other departments more imperative than repairing sidewalks. This discretion, as was shown, was exercised in that year, to the extent of appropriating over $7,000 to a hospital, when no such duty is imposed by the charter. Mr. Rich testified further that the income of the city was between $130,000 and $135,000, which was employed in paving the city, water supply, fire department, keeping streets in repair, paying salaries of officers, maintaining cemeteries, public parks, health regulations, board of health, hospital and matters of that sort. These were provided for, and money expended on them, without, as to some of them, an absolute charter injunction that it should be done; while the duty of repairing the sidewalks, as we have seen, was made an absolute duty. Some of these, certainly, were objects for the discretionary expenditure of the public money, only after the council had discharged all the duties enjoined upon them, as to which they had no discretion. This evidence, as well as that allowed from the witnesses Fry and Rich, constituting the basis of assignments of error 28, 29, 31, 32, 34, 35, 36, 37, 38, was not admissible under the objections interposed. For the same reasons, assignment number 37 is well taken. The object of the evidence last referred to, was to show that the city required the property owners to keep up their sidewalks. This constituted no excuse for the city to disregard its charter obligation, a duty it could not shirk, and claim immunity for its negligence, by requiring some one else to perform it for them. If the

[Lord v. City of Mobile.]

owner failed to discharge his duty, *pro hac vice*, the city was reponsible.

7. Another well settled principle is, that the streets and sidewalks are for the benefit of all conditions of people, and all have the right to assume that they are in ordinarily good condition, and regulate their conduct accordingly. They are required, in passing, to exercise only ordinary care, unless they know of dangerous defects.—2 Dill. on Mun. Corp., 1007; Elliott on Roads & Streets, 469, 470.

8. The plaintiff asked the court to give the general charge which was refused.

He testified that he lived in Mobile and was injured on the 5th of August, 1892; that his knee was bruised and cut, and his leg broken; that he received the injury by falling into a hole in the sidewalk on the south-east corner of Scott and St. Francis Streets in Mobile, about half past nine o'clock at night; that he did not know of the existence of said hole before he fell into it, and only saw it after that time; that the hole was at the end of one of the planks constituting a bridge across the gutter on St. Francis Street, and was large enough for his foot to enter, and was about fifteen inches deep, so small at the bottom that his foot was wedged into it; that he was walking with his wife, had been up Dauphin and was returning on St. Francis Street; that he was unable to extricate his foot without assistance, fainted from pain, and when he recovered consciousness, his wife and a cab-driver were assisting him. There is no evidence in conflict with plaintiff's statements as to when and where and how the accident occurred. Since this is all the evidence tending to show contributory negligence on plaintiff's part, the defense as to that plea is without merit, and offered no objection to the general charge.

The evidence of the witnesses, Fry and Rich, for the city, if admissible, and the charter of the city of which we take judicial notice, make it abundantly plain, that the defense set up, that the city was without power and the means to keep the sidewalks in ·repair, is utterly without any merit. The charter made it the duty of the general council to repair; they treated it as a discretionary obligation, so far as performing it themselves was concerned; they had an abundance of means as was shown, to make the repair, which was an insignificant

matter as for the time and money it would have taken; they were spending large sums on other objects not specially enjoined, to the neglect of this one which was; they do not show that they had levied taxes to the limit they were authorized, and in the expenditure of the means that came to their hands, they exercised arbitrary, and so far as the sidewalks of the city are concerned, an unfair discrimination. If so unsubstantial a defense were allowed to prevail, it would give immunity to the city for all the negligence of which it may be guilty in such matters, and leave those who suffer from its negligence without remedy.

This view is irresistible on the evidence of Fry and Rich, if admissible and not excluded. The case is in no better condition, with that evidence excluded, for then it would not appear, if that were important, that the city was without ample means to repair sidewalks.

It was shown by one Cato, a letter carrier that, he frequently passed the point at which plaintiff was hurt, and for a month or so before the accident occurred, he noticed the hole, which looked like it came from the dripping of a pipe, and he stepped on the side of the hole and noticed it was a bad place; that after plaintiff's injury he went and examined it, and it looked to be about eight or nine inches deep and about eleven or twelve on top. How long the defect had existed, was not shown. That it was dangerous, and in a place it ought not to have been, the accident that happened to plaintiff fully shows. That it was at a place where it might have been easily discovered and remedied by the city officials, if they had done their duty, cannot be questioned. The neglect of the owner of the property, whose duty it was to repair his sidewalk, was the neglect of the city. We hold, that, on the undisputed facts, the defect existed for such length of time as that by the exercise of due care on the part of defendant, it might have been discovered and remedied.

The case is such that the general charge, as requested, should have been given for the plaintiff. This relieves us from noticing the other charges given and refused.

Reversed and remanded.