# City of Mobile *v.* Shaw.

*Damages for Injury on Account of Defect in Street.*

(Decided Feb. 14th, 1907. 43 So. Rep. 94.)

1. *Municipal Corporations; Sidewalks; Duty to Keep in Repair.*—
   Under its charter (Acts 1900-01, p. 2342) it is the duty of the City of Mobile to keep its entire streets and sidewalks in reasonably safe condition for public travel.
2. *Same; Knowledge of Defect in Injured Party.*—Knowledge by a pedestrian of a defect in a sidewalk or street does not affect his right to use such walk or street, nor to recover for injuries caused by the defect, unless negligent in the manner of travelling thereon, where the city charter requires that it keep its walks and streets in safe ocndition.
3. *Same; Instructions.*—The defendant set up by plea that there was about seven feet of the sidewalk from the hole thereon

[City of Mobile v. Shaw.]

to the abutting property line that was safe for pedestrians
and that the plaintiff contributed to her injury by failing to
use the safe way and choosing the unsafe way, but the evi-
dence failed to establish the plea. Held not reversible error
to charge that if the sidewalk was not safe for about seven
feet from the inside of the hole to the property line, for the
passage of pedestrians, the defendant's plea of contributory
negligence fails.

APPEAL from Mobile City Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Florence C. Shaw against the city of Mo-
bile. From a judgment for plaintiff, defendant appeals.
Affirmed.

This was an action begun by the appellee for damages
resulting from falling into a hole on a sidewalk, or
near the sidewalk, of the appellant. The negligence al-
leged is the failure to have that part of the street suffi-
ciently lighted, and for failure to repair the defect,
which had been known to exist for some time. Proof of
presentation of claim duly verified by affidavit was
made. The facts on which the action is based and the
defense thereto are sufficiently stated in the opinion.

Charge 5, given at the request of the plaintiff, is as
follows: "(5) The court charges the jury that, al-
though they may believe the plaintiff knew of the de-
fects in the sidewalk, that constitutes no legal reason
why she should not use the sidewalk, and as a citizen
she had the legal right to use said sidewalk, notwith-
standing the defects, and such use of the sidewalk, in
case of injury, would not, unless she was negligent in
the manner of traveling thereon, affect her right to re-
cover full damages."

There was verdict for the plaintiff in the sum of
$879.

B. B. BOONE, for appellant.—The case of *Gosport v.
Evans*, 112 Ind. 133, and the cases there cited maintain
the position taken by appellant in this case. The ques-
tion of negligence should have been submitted to the
jury.—*City Council v. Wright*, 72 Ala. 411; *L. & N. R.
R. Co. v. Hawkins*, 92 Ala. 241. On these same author-

[City of Mobile v. Shaw.]

ities charge 5 given at the request of the appellee was error.

CHARLES L. BROMBERG, for appellee.—The following cases show that the law is adverse to the contention of the appellant: *Government St. Ry. Co. v. Hanlon,* 53 Ala. 81; *City v. Wright,* 72 Ala. 420; *Birmingham v. Tayloe,* 105 Ala. 176; *Moshewver v. District of Columbia,* 191 U. S. 247. Charge 3 was properly given.— *Birmingham v. Tayloe, supra; Mayor, etc. v. Starr,* 102 Ala. 805. Charge 5 was properly given.—Authorities supra.

HARALSON, J.—The city charter of Mobile imposes upon the municipality the duty of repairing and keeping in order the streets of the city and their proper lighting at night.—Acts 1900-01, p. 2342.

It was the duty of the municipal corporation to keep the streets and sidewalks in a reasonably safe condition for travel, and for the use of its citizens and the public generally; and this duty extended to the entire width of the streets and sidewalks appropriated to such use and purposes.—*Mayor and Aldermen v. Tayloe,* 105 Ala. 176, 16 South. 576; *Lord v. City of Mobile,* 113 Ala. 360, 21 South. 366.

In the *Town of Cullman v. McMinn,* 109 Ala. 615, 19 South. 981, it was said: "The liability of municipal corporations for injuries to persons lawfully using the streets, caused by defects or obstructions therein, springs from the duty, imposed upon them by law to keep the streets in a safe condition for public use. It is said by Judge Dillon: 'Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as those caused by defects occasioned by the wrongful acts of others, but, as the basis of the action of negligence, notice to the corporation of the defect which caused the injury, or the facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to the liability.'—2 Dillon, Mun. Cor. (4th

Ed.) § 1034; *City Council v. Wright,* 72 Ala. 411, 47 Am. Rep. 422."

In *Town of Gosport v. Evans,* 112 Ind. 138, 13 N. E. 256, 2 Am. St. Rep. 164, it was well said, consonant with our own decisions on the subject: "We do not question the doctrine of the cases which hold that because one has knowledge that a highway or sidewalk is out of repair, or even dangerous, he is not therefore bound to forego travel upon such highway or sidewalk. (Citing cases.) The doctrine to be extracted from these cases is, that although a sidewalk or highway may be in an apparently defective or dangerous condition, yet a person with knowledge of the defect or danger is not on that account obliged to abandon travel upon the highway, if, by the exercise of care proportionate to the known danger, he may reasonably expect to shun or avoid the defect. If the defect be one which does not render the way wholly irreparable, and which can only result injuriously to the traveler if not shunned, if there be an apparently safe way of passage without going into the obvious defect, the traveler is not to be held to a rigorous account, if he is deceived or misled notwithstanding his effort to avoid the danger."

In the case of *City Council v. Wright, supra,* the principle is announced in substance that "when the evidence shows that the route selected by plaintiff, at the time he was injured by the fall caused by a 'wash-out' in the sidewalk, was the route ordinarily traveled with safety by all persons on foot going in that direction; that the sidewalk at that point was wide enough for safe passage on the inside of the 'wash-out,' and that there was no sidewalk on the other side of the street, contributory negligence cannot be imputed to him, because he had knowledge of the defect in the sidewalk, and did not select a different route."

The evidence is practically without conflict. The accident occurred at night when it was very dark, and no lights sufficient to make the way plain were maintained. There was no curbing to the sidewalk, and a ditch ran along the outer edge, which some evidence tends to show was 5 or 6 feet deep, and in this ditch was a hole, into which the plaintiff fell. This condition had exist-

ed for a number of years, and, as is shown, was known to the city authorities, and the plaintiff herself knew the place which she, and the public generally, were in the habit of pasing. There was no curbing to the sidewalk at the place of the accident, and there was a step down estimated at from 15 to 18 inches. At the time plaintiff fell, there was a plank over this step-off, which had been there, as one of the witnesses deposed, "pretty much all the time," and this plank was used by bicyclists, and by the people in walking upon it as they passed it. The plaintiff, as the evidence showed, in using the sidewalk at this place, in order to avoid stepping down the abrupt descent to the sidewalk below, did the ordinary thing, by walking on this plank, so used by travelers along that way, and when she got to the end of the plank, the earth gave way, and the edge of the sidewalk caved in, causing her to fall into said hole in the ditch, thereby causing her the injuries of which she complains.

The defendant pleaded the general issue, and a special plea, numbered 2, of contributory negligence of the plaintiff, which set up, that there was about seven feet of said sidewalk from the edge of the said hole to the property line abutting said sidewalk which was safe for the passaage of pedestrians; "that plaintiff having knowledge that the outer edge or part of said sidewalk was unsafe , nevertheless negligently walked upon it, and fell in said hole therein, thereby by her negligence as aforesaid, directly and proximately contributed to her said alleged injuries."

The court at the instance of the plaintiff gave the two charges numbered 5 and 6, and no other errors are assigned except in the giving of these charges.

Charge 5 is fully sustained by the authorities to which we have referred above, and there was no error in giving it.

The sixth charge, instructed the jury, "that if they believed from the evidence that the sidewalk, where the injury occurred, was not safe for about seven (7) feet on the inside (from the ditch or hole) towards the property line for the passage of pedestrians, that the defendant's plea of contributory negligence fails and is of no avail."

The charge was evidently intended to submit to the jury an issue of fact on the allegation of defendant's plea of contributory negligence, viz., "that there was about seven (7) feet of sidewalk from the edge of said hole to the property line abutting said sidewalk which was safe for the passage of pedestrians." The object of this averment was to show that plaintiff abandoned or failed to take a safe route, open to her, and chose an unsafe way and thereby contributed to her injury; and the charge was, if the jury did not believe such averment, then said plea failed.

The evidence in its tendencies fails to establish the averments of the plea in this respect. Indeed, it tends to show that the whole of said sidewalk, at the time of the accident was unsafe. While it did not appear, that any particular seven feet was unsafe, as averred in said plea, it was open to the jury to find that the averments of said plea in this respect were not shown to be true. It was fairly open to such an inference, and it became a question for the jury to decide.—*Holmes v. B. S. R. Co.*, 140 Ala. 209, 37 South. 338; *Mouton v. L. & N. R. R. Co.*, 128 Ala. 539, 29 South. 602.

Our conclusion is, that there was no reversible error in giving the sixth charge.

Affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.