# Walker *v.* John Smith, T.

### Personal Injury Action.

(Decided February 8, 1917.   74 South. 451.)

1. **Municipal Corporations; Use of Sidewalks; Right of Pedestrians; Use by Abutting Owner.**—A pedestrian has the right to use the entire width of the sidewalk subject to reasonable and necessary limitations, among them the right of an abutting property owner to use the sidewalk in front of his premises when reasonably necessary for loading and unloading his goods and merchandise.

2. **Municipal Corporations; Injury on Sidewalk; Contributory Negligence.**—Though a pedestrian can assume that the sidewalks are in proper condition for travel and need not be on the lookout for obstructions, he may be guilty of contributory negligence if he sees the defect and with knowledge thereof walks thereon rather than to choose a safe place which is qually open and obvious.

3. **Appeal and Error; Harmless Error; Sustaining Pleas; Cure by Evidence.**—Error in sustaining pleas of contributory negligence to a count alleging wanton injury is harmless, where the undisputed evidence shows that there was no wanton injury.

4. **Municipal Corporations; Injury on Sidewalk; Liability of Abutting Owner; Evidence; Wanton Injury.**—Where the undisputed evidence showed that defendant was using the sidewalk in front of his premises only temporarily to transport cotton seed meal from drays into his store and there was conflicting evidence as to whether all of the meal which sifted out while being transported had been swept from the walk, there was no evidence to support a recovery for wanton injury to a pedestrian who slipped and fell on the walk.

5. **Trial; Instructions; Applicability to Evidence.**—In an action for injuries to a pedestrian which she alleged resulted from the abutting owner's

[Walker v. John Smith, T.]

negligence in permitting cotton seed meal to remain on the sidewalk, a requested charge that if plaintiff was injured because of meal deposited on the sidewalk by defendant's employees while trucking cotton seed meal over the walk, and she was not negligent, she is entitled to recover was properly refused, as authorizing a recovery without regard to negligence of the defendant.

6. **Appeal and Error; Presenting Questions Below; Misleading Instructions; Request for Fuller Instruction; "Apparent."**—In an action against an abutting property owner for injury caused by plaintiff falling on the sidewalk, the giving of a requested charge on contributory negligence which failed to state knowledge or notice to the plaintiff of the slippery condition of the walk, but did state that such condition must have been open and apparent to plaintiff, was not reversible error, since one definition of "apparent" is clear or manifest to the understanding; plain, evident, obvious, known, and, if the instruction was misleading, plaintiff could have asked an explanatory charge.

7. **Appeal and Error; Harmless Error; Admission of Evidence; Effect of Verdict.**—Error relating to evidence as to the extent of plaintiff's injuries is harmless, where the jury found for defendant and awarded no damages whatever.

8. **Evidence; Res Gestae; Statement of Person Injured.**—In an action against an abutting property owner for injuries caused by a fall on the sidewalk, testimony that after plaintiff had fallen and a young man from the store came out and helped her up she stated to him, "This is so dangerous," was not part of the res gestae.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by Maud Walker against John Smith, T. Judgment for the defendant, and plaintiff appeals. Affirmed.

Suit by appellant (plaintiff in court below) against the defendant for recovery of damages sustained by her in a fall on the sidewalk in front of defendant's mercantile store, or warehouse, in the city of Opelika. Jury and verdict for the defendant.

Count 1 alleged, in substance, that the plaintiff was walking along the sidewalk, and when in front of said warehouse she slipped and fell, the fall being caused by a quantity of cotton seed meal spilled there and causing the damp walk to be slippery and dangerous to pedestrians. Plaintiff alleged that on account of such dangerous condition of the sidewalk she slipped and fell with such violence as to break her elbow and permanently injure her arm, causing her to suffer much pain. It is averred that said injuries were proximately caused by the negligence of the defendant in causing or permitting the cotton seed meal to be and remain on the sidewalk, thereby rendering it unsafe for pedestrians.

Count 2, added by amendment, merely set up a negligent use of the sidewalk in a general way by the defendant, omitting the details set out in count 1. Count 3 charged that "the defendant so negligently used the said sidewalk as to cause the plaintiff to fall," etc., and concluded with the following averment:

"That her said injuries were proximately caused by the willful, wanton, or intentional negligence of the defendant, his servants, agents, or employees in so willfully, wantonly, or intentionally using said sidewalk as to cause the same to be and become dangerous."

The defendant interposed pleas of contributory negligence 2, 3 and A, each setting up, in substance, practically the same thing, to the effect that at the time plaintiff was injured she was walking along the sidewalk in front of defendant's place of business, which sidewalk was 12 feet wide and over which an awning was extending; a slight rain had fallen, causing the margin of the walk to become damp for a space of about 2 feet; that ample space, to-wit, about 10 feet, was left dry and free from the wet cotton seed meal, upon which plaintiff could have walked in safety; that the condition of the walk "was open and patent to plaintiff, and she saw such condition;" and in another plea alleging in addition that she knew and appreciated the danger of walking on the wet pavement without taking due care, but she nevertheless chose to walk along the narrow margin of the sidewalk which was damp and slippery. Demurrers to these pleas were overruled.

The following charges were refused to the plaintiff:

"(3) If the jury believe from the evidence that Mrs. Walker fell and was injured because of dust or cotton seed meal deposited on the sidewalk by defendant's employees while trucking cotton seed meal over said sidewalk, and she was not negligent in traveling over said sidewalk, she is entitled to recover."

(A) "The court charges the jury that the plea of contributory negligence is not proven in this case."

The following charges were given at the request of defendant:

"(1) If the jury believe from the evidence that the defendant's storing room abutted the sidewalk, and that there was no other way of transporting goods from the drays into the warehouse, and if the jury believe from the evidence that the defendant was conducting said storage room and storing goods in it

[Walker v. John Smith, T.]

for mercantile purposes, then the jury is charged that the defendant had a right to truck the cotton seed meal from his dray over said sidewalk into his storage room, if not more than a reasonable time was consumed in trucking said meal across said sidewalk, and if the trucking was done in a reasonable prudent way."

"(4) The jury is charged that the owner of a storehouse or a storing room abutting on a sidewalk in a town or city is, under the law, entitled to the temporary use of the sidewalk in front of his store, provided he consume no more than reasonable time in the moving of such merchandise across the sidewalk into such storehouse."

"(8) The jury is charged that whilst a pedestrian has a right to the entire width of the sidewalk to walk upon, yet if the jury find from the evidence that a part of the sidewalk in this instance was wet and slippery, and this condition was open and apparent to the plaintiff, and if a greater part of it, about 10 feet in width of the sidewalk and running the full front of the building, was dry and safe for pedestraians, it was the duty of the plaintiff to select the dry and safe portion of said sidewalk to walk upon, and if she negligently selected the wet and slippery part to walk on, and such selection and walking upon said slippery part proximately contributed to the injury of the plaintiff, then the plaintiff cannot recover in this suit."

"(E) The jury is charged that no wanton, willful, or intentional misconduct has been shown on the part of the defendant in this case."

JAMES W. STROTHER and DICKINSON & DICKINSON for appellant. R. B. BARNES and N. D. DENSON & SON for appellee.

GARDNER, J.— (1) It is insisted by counsel for appellant that pedestrians have the right to the use of the public streets, and that this right extends to the entire width thereof (*City Council of Montgomery v. Reese*, 146 Ala. 410, 40 South. 760; *Am. Bolt Co. v. Fennell*, 158 Ala. 484, 48 South. 97), and that they attempt to limit or restrict plaintiff to the use of only a portion of the sidewalk. The general rule is well recognized and indeed conceded by counsel for appellee. This rule is subject, however, to certain reasonable and necessary limitations, among them the right of an abutting property owner to use the sidewalk in front of his premises when reasonably necessary for

the purpose of loading or unloading his goods and merchandise. Speaking to this question, the Supreme Court of Illinois in *Garibaldi v. O'Connor*, 210 Ill. 284, 71 N. E. 379, 66 L. R. A. 73, said: "Abutters upon a public street may use the sidewalk in front of their premises for the purpose of loading and unloading goods, merchandise, or other like articles in which they may deal or use; but the sidewalks belong to the public, and the public primarily have the right to the free and unobstructed use thereof, subject to reasonable and necessary limitations, one of which is the right of an abutting property owner to temporarily obstruct the walk by loading or unloading goods, wares, or merchandise when such obstruction is reasonably necessary. Such obstruction must, however, be both reasonable as to the necessity therefor, and temporary in point of time. The prior and superior right of passage is possessed by the public."

See, also, *Flynn v. Taylor*, 127 N. Y. 596, 28 N. E. 418, 14 L. R. A. 556, and cases cited in note thereto; *Welsh v. Wilson*, 101 N. Y. 254, 4 N. E. 633, 54 Am. Rep. 698; *Riseman v. Hayden*, 86 Neb. 610, 126 N. W. 288, 29 L. R. A. (N. S.) 707; *Kelly v. Otterstedt*, 80 App. Div. 398, 80 N. Y. Supp. 1008; 28 Cyc. 864.

(2) The pleas in effect invoke the principle that one, although in the exercise of a right as a pedestrian upon a public street, and although such pedestrian has the right to assume that the streets are in proper condition for public travel and is not required to be on the lookout for obstructions, may nevertheless be guilty of contributory negligence if while walking on the street he sees such defect and with a knowledge of the dangerous condition walks thereon rather than to choose a safe way which is equally open and obvious.—*Mayor, etc., v. Tayloe*, 105 Ala. 170, 16 South. 576; *Mayor, etc., v. Starr*, 112 Ala. 98, 20 South. 424; *Lord v. City of Mobile*, 113 Ala. 360, 21 South. 366; *City of Mobile v. Shaw*, 149 Ala. 599, 43 South. 94; *Osborne v. Ala. Steel Co.*, 135 Ala. 571, 33 South. 687; note to *Lerner v. Philadelphia*, 21 L. R. A. (N. S.) 659, 677. We are of the opinion that the pleas were not subject to the demurrers interposed.

(3) It is further urged, however, that count 3 sought recovery for wanton injury, and that as the pleas of contributory negligence were interposed to each of the said counts, they presented no answer to count 3, and the demurrer taking this point should have been sustained. The sufficiency of said court as one seeking recovery as for willful or wanton injury may be questioned.

—*B. R., L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342.   This, however, we need not determine, for the following reason :   The undisputed evidence shows that defendant had temporarily used the sidewalk in transporting some cotton seed meal from his drays to the storeroom on the morning the plaintiff received her injuries, and that this was the only method by which the goods could be placed in the storeroom.   It therefore appears without conflict that the defendant made use of the sidewalk only temporarily, and that such use was reasonably necessary.   The only cause of action upon which plaintiff could insist, therefore, was the alleged negligence of the defendant in permitting some of the escaped meal to remain on the pavement while the sidewalk was wet.

(4) The defendant insisted that in handling cotton seed meal some of it would necessarily sift through and onto the floor or walk, but that after the storage of the meal the walk had been swept and that the dampness complained of extended only about 2 feet from the edge of the walk.   Plaintiff's evidence tended to show, however, that the entire walk was damp, and that there was some meal scattered on its entire width in front of the store, which caused a slippery condition resulting in her fall thereon. We are of the opinion, and the trial court so charged the jury, that there was no evidence upon which to rest a recovery as for wanton injury.   Such being our conclusion, if the assignment of demurrer above referred to should be conceded for the purposes of this case only to be well taken, the error was clearly one without injury, and one on which no reversal could be rested.

Plaintiff requested the affirmative charge on the plea of contributory negligence.   After a full examination of the record, we are of the opinion that the evidence was sufficient for the submission of that issue to the jury.   The charges given at the request of the defendant recognize in varying language the principle above stated in reference to the right of an abutting property owner to the temporary use of the sidewalk when reasonably necessary for the transportation of his goods.   In the giving of these charges we find no reversible error.

(6) Charge 8, given at defendant's request, deals with the question of contributory negligence, and it is insisted by counsel that the charge is faulty in failing to state the knowledge or notice to plaintiff of the slippery condition of the walk.   The charge uses the language:   "And this condition was open and

apparent to the plaintiff." Among other definitions of the word "apparent" found in Webster's International Dictionary is the following: "Clear or manifest to the understanding; plain, evident, obvious, known." It may be that the use of the word in the charge was misleading, but if it be conceded that the charge had misleading tendencies, it was open to the plaintiff to have asked an explanatory charge in answer thereto. There was no reversible error in giving said charge.

(7) We do not deem it necessary to separately treat other assignments of error dealing with the question of evidence. Some of them relate to the extent of the injury suffered by the plaintiff, as to whether her arm is permanently injured, and questions of like character.

The jury returned a verdict for the defendant and plaintiff was awarded no damages whatever. We are unable to see where any reversible error could be rested on these questions.

(8) Plaintiff testified that after she had fallen a young man seated inside the store came out and helped her up, brushing the meal off her dress, and that she stated to him at the time, "This is so dangerous." This testimony was excluded by the court, and we are clear to the view that the above quoted remark was not a part of the res gestæ and its exclusion did not constitute error.

The other questions presented by the assignments of error have been by us carefully considered. They present nothing calling for separate treatment, however. After full consideration of the record, we find no reversible error, and the judgment of the lower court is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.