172 So. 681
## CITY OF BIRMINGHAM v. ANDREWS.
### 6 Div. 58.

Court of Appeals of Alabama.

Feb. 16, 1937.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellee.

W. J. Wynn and Clarence Mullins, both of Birmingham, for appellant.

SAMFORD, Judge.

The plaintiff, Izetta Andrews, a minor, brings this action by her next friend against the City of Birmingham in two counts. Both counts having substantially the same material allegations, charge that the plaintiff was injured while walking along a public street in the incorporated City of Birmingham and as a proximate consequence of falling over an obstruction in said public street, and that demand has been made upon the city in accordance with the law. Said demand is made Exhibit A to each count. Demurrers to the complaint being overruled, issue was joined on defendant's plea of the general issue in short by consent with leave to give in evidence any matter as if same had been specially pleaded. There was verdict and judgment for plaintiff, after which plaintiff filed motion for new trial, which motion was overruled, duly excepted to and incorporated in the bill of exceptions.

The first assignment of error is grounded upon the action of the trial court in refusing at the request of defendant the following charge: "If you are reasonably satisfied from the evidence in this case that prior to the time the plaintiff, Izetta Andrews, is alleged to have been injured that she was familiar with and had knowledge of the alleged obstruction over which she claims to have fallen, that on the occasion when she is alleged to have been injured, she forgot that said obstruction was at the point where she was injured, and that such forgetfulness on her part proximately contributed to her own injuries, then the plaintiff would not be entitled to recover of the defendant."

The accident resulting in the injury complained of occurred on February 1, 1935, at about 7:30 o'clock p. m. The obstruction which occasioned the plaintiff's fall and injury consisted of a pile of dirt, rocks, and bricks; the height of which was variously estimated at from a few inches to several feet. This débris had been left since December, 1934, by employees of the City of Birmingham who were working on the street at that time, and there was no warning light or other precaution taken to warn persons using the street of such obstruction. The point at which plaintiff fell was on Avenue L in front of premises known as 1116. The obstruction was located in that part of the street used for vehicular travel and near the gutter. There was a sidewalk for pedestrians, but plaintiff was walking in the main part of the street. The night was dark. Plaintiff lived four or five blocks from Avenue L; on this particular night she had gone to visit a friend on Avenue L. It is testified to by witnesses that plaintiff had not been on Avenue L. since the pile of débris was left there except the night on which she was hurt. That when she went down the street she did not see the pile and did not see it when she came back until she stumbled over it. There was no light or other protection around the pile of débris.

The insistence of appellant is based upon the case of City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841, 845. In which the Supreme Court, speaking through Mr. Justice Gardner, relative to charges 3 and 5 (which are similar to the charge in the instant case above quoted) said: "In the instant case, the testimony for the plaintiff clearly discloses that she knew of the defect and its danger of tripping the pedestrian; and it is clearly to be inferred from her testimony that her fall was due to her inattention or forgetfulness. There is nothing in the evidence offered by the plaintiff by way of excuse for this forgetfulness or inattention. It is argued, however, that the plaintiff stated that it was dark, and she could not see, but this clearly is no excuse for inattention, but rather the contrary." The opinion proceeds to declare that the charges there under consideration were to be considered in the light of the evidence in that case. In the instant case there is no evidence that this plaintiff knew of the defect and its danger; nor can it be inferred from the testimony that plaintiff's fall was due to either inattention or forgetfulness.

It is not necessarily negligence to travel by night, and a traveler in the nighttime may assume that the highway is in a reasonably safe condition. Only ordinary care, as determined by the particular circumstances, is required of such traveler, although such care may call for greater vigilance on his part than in the daytime. 29 Corpus Juris, 703 (466) 6.

Using ordinary care, a traveler has the right to rely upon the presumption that the highway is in a reasonably safe condition for travel, and free from obstruction, and he need not keep his eyes constantly fixed on the road or path and look far ahead for defects which should not exist. 29 Corpus Juris, 699. As we read this record, there is no evidence of a knowledge

380

on the part of the plaintiff of the defect in the highway, which proximately caused plaintiff's injury, and while the charge refused to defendant and above quoted may be supported by the evidence in the Edwards' Case, supra, in this case the charge is abstract and its refusal was without error. Wadsworth v. Williams, 101 Ala. 264, 13 So. 755; Moore v. First National Bank, 139 Ala. 595, 36 So. 777.

 Appellant's second assignment of error is based upon the refusal of the trial judge to give at its request the following charge: "If you are reasonably satisfied from the evidence that the street on which the plaintiff, Izetta Andrews, was walking at the time she received her alleged injuries was and had been duly laid off and apportioned with ample and sufficient space for pedestrians and vehicular traffic and that the plaintiff was walking on a part or portion of the street which had not been laid off or apportioned for pedestrians then she would not have the right to assume that the street or that portion of it on which she was walking was in a reasonably safe condition for travel thereon, and if you are further reasonably satisfied from the evidence that the plaintiff, Izetta Andrews, negligently assumed that this part or portion of the street on which she was walking to be in a reasonably safe condition for travel thereon and that this assumption on her part proximately contributed to her own injuries, then she cannot recover in this case."

A sufficient answer to appellant's contention is to be found in the opinion in the case of City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430, 431, where the court said: "Under well-recognized principles the city was under the duty to keep its public streets in a reasonably safe condition for travel by night as well as by day, and this duty extended the entire width of the street. City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A.L.R. 766; City of Huntsville v. Phillips, 191 Ala. 524, 67 So. 664." We know of no law which confines pedestrians to the sidewalks of a public street. Indeed, in the Blood Case, supra, the plaintiff sustained a fall as she stepped from the curbing into the street at a place not reserved for pedestrians. It is the duty of a municipal corporation to keep the streets and sidewalks in a reasonably safe condition for travel and for the use of its citizens and the public in general; and this duty extends to the entire width of the street. Mayor and Alderman v. Tayloe, 105 Ala. 170, 176, 16 So. 576, Lord v. City of Mobile, 113 Ala. 360, 21 So. 366.

The third assignment of error is based upon the refusal of the court to give at the request of defendant charge No. 14, which reads as follows: "If you are reasonably satisfied from the evidence that the plaintiff, Izetta Andrews, on the occasion complained of received her fall and injuries while she was walking upon that part or portion of the street which had not been duly apportioned for use by pedestrians, and further that there was ample and sufficient space in a reasonably safe condition for travel thereon which had been duly laid out and apportioned as a walkway or sidewalk, then the plaintiff cannot recover in this case."

The theory of this charge is that the plaintiff was walking on that part of the street allotted to vehicular traffic when there was ample and sufficient space in a reasonably safe condition for travel thereon which had been duly laid out and apportioned as a sidewalk.

Perhaps a sufficient answer to appellant's contention would be to point out that the charge as written pretermitted the question of knowledge on the part of the plaintiff either that a safe course was open to her, or that another course which she took was dangerous. This defect is similar to the defect in plea 3, passed upon by the Supreme Court in City of Birmingham, v. Carle, 191 Ala. 539, at page 551, 68 So. 22, 26, L.R.A.1915F, 797, where the Justices writing their opinion said: "An essential feature of that character of basis for the imputation of contributory negligence is knowledge of the party charged that of the two courses open to choice one is safe and the other dangerous."

However, the facts in the instant case differ materially from the facts in the Carle Case, supra, in that in the Carle Case the court was dealing with a parkway between the sidewalk and the main thoroughfare, while in this case we are dealing with a part of the highway which the defendant was legally bound to keep free of obstruction, and as to which the plaintiff had a right to assume that the defendant had done its duty.

Under the well-established rules, the city was under the duty to keep this street in a reasonably safe condition for travel by

night as well as by day and this duty extended to the entire width of the street.

It is also the law as laid down in Corpus Juris 29, 657 (422) 2: "That although pedestrians have no right of way over vehicles, they may walk on any part of the road, and need not cross at a regular crossing." This text is supported by a long line of cases cited in note 45.

So in the instant case we hold that the plaintiff had a right to choose as to whether or not she would walk on the sidewalk or in that part of the street reserved for vehicular travel, with the presumption on her part that either the one or both were free of obstructions, unless she chose the dangerous way with a knowledge of the obstructions which proximately caused her injury.

Assignment of error No. 4 is based upon the refusal of the court to give at the request of defendant charge No. 11 as follows: "I charge you that the City of Birmingham has the right to lay out its streets and apportion the same for vehicular traffic and for the use of pedestrians."

This charge is misleading in that it would tend to lead the jury into a belief that the city had a right to restrict pedestrians to the use of the sidewalk. When, as a matter of fact, they may walk on any part of the road exercising such care as an ordinarily prudent person would use to avoid defects or obstructions. 29 Corpus Juris, 697 (461).

Even a previous knowledge of defect does not conclusively establish contributory negligence on the part of plaintiff, nor was she required to refrain from using that part of the highway in order to be free from such negligence. As was stated in 29 Corpus Juris 700 (463), "So one who, although knowing of a defect, fails to bear it in mind at the time of approaching it, it is not necessarily negligence; and the fact that he was mistaken as to the location of the defect will not necessarily prevent recovery."

The basis of assignment of error No. 5 is the refusal of the trial court to give at the request of defendant charge No. 10 as follows: "If you are reasonably satisfied from the evidence that the plaintiff, Izetta Andrews, on the occasion complained of, abandoned the regular walkway and sustained her alleged fall and injuries at a time when she was walking in a portion of the street which had not been laid off or apportioned for use by pedestrians, then you cannot find in favor of the plaintiff and against the defendant."

The above charge assumes to restrict the plaintiff as a pedestrian to the use of the sidewalk when, as we have seen, from authorities cited she was entitled to the use of the entire street. For that reason, and perhaps others, the charge was bad. The decisions in the City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A. 1915F, 797; and Hill v. Reaves, 224 Ala. 205, 139 So. 263, are easily distinguishable from that line of cases holding that pedestrians have a right to the entire street, and even if there had been an ordinance of the city of Birmingham restricting the use of the street, such restriction could not bar a recovery for injury to this plaintiff from a street defect, because she sought to use that part of the street reserved for vehicles; such ordinance would be a mere traffic regulation to conserve public safety, City of Birmingham v. Blood, 228 Ala. 218, 153 So. 430. Other cases of interest there not necessary here to comment on are: City of Mobile v. Shaw, 149 Ala. 599, 43 So. 94; Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506.

Charge Y, given at the request of plaintiff, is so obviously the law that discussion and citations of authority are not necessary.

There being no error in any of the rulings of the court insisted upon in appellant's brief, the motion for a new trial was properly overruled.

There being no error in the record, the judgment is affirmed.

Affirmed.