[Louisville & Nashville Railroad Co. v. Malone.]

# Louisville & Nashville Railroad Co. *v.* Malone.

*Action against a Railroad Company to recover Damages resulting from Fire caused by Sparks from Locomotive.*

1. *Bill of exceptions; admissibility of parol evidence of alteration after signature.*—Parol evidence is admissible to show that the bill of exceptions·was altered by the presiding judge after it became a part of the record by being signed by him, or that it was, in fact, signed at a time when the judge had no power to act.

2. *Same; alteration; when bill of exceptions properly stricken from the record.*—After a presiding judge has signed a bill of exceptions and the court has adjourned or the time allowed for signing the same has expired, it is beyond his power to alter or modify such bill of exceptions; and if, after the judge signs the bill of exceptions, and after the expiration of the time fixed for signing it by his order, he makes alterations and changes in the instrument which he had thus signed, such instrument can not be considered as a true bill of exceptions in the case, and on motion properly made will be stricken from the record.

3. *Trial and its incidents; appointment of special judge.*—When,·after a regular circuit court judge organizes the court, he is taken sick during the term and becomes unable to preside and transact the business of the court until the completion of the term, the Governor can, under the provisions of the statute (Acts of 1894-95, p. 1135), appoint a special judge to hold court during the remainder of the term.

4. *Duty of owner of property adjacent to railroad track; contributory negligence.*—One who owns lands or buildings adjacent to a railroad track upon which trains are continually run, if he uses such land or the houses in a natural and proper way for the purposes for which they are suitable, is not chargeable with contributory negligence for the failure to take precautions against the negligence of the railroad company.

5. *Same; same; action against railroad company for damages from fire.*—The owner of a house situated sixty-three feet from the middle of a railroad track, which house is covered with poplar shingles with a valley extending from the top of the house towards the road-way, is not guilty of contributory negligence in allowing dry leaves to accumulate in such valley; and in an action against a railroad company by such owner to recover damages for the destruction of his house by fire, which was caused from sparks from trains passing upon the defendant's road, a plea setting up such facts does not present a proper issue and is correctly stricken from the file,

[Louisville & Nashville Railroad Co. v. Malone.]

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. DANIEL W. SPEAKE, Special Judge.

This action was brought on March 8th, 1895, by the appellee, Matilda Malone, against the appellant, the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent setting fire to and burning of her house and other property by the defendant. The material facts of the case are substantially the same as disclosed on the former appeal; and special reference is here made to the report of such appeal, as contained in the 109th Alabama, p. 509. · Such other rulings of the case as are reviewed on the present appeal are sufficiently shown in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. JONES, for appellant.—The true rule as to the care which a person owning lands adjoining a railway is required to take of his property, is that the plaintiff is bound to use such care in protecting his premises as a man of ordinary prudence would employ under such circumstances, and if by reason of his neglect, or neglect on the part of his employès his house is consumed, or if such negligence on his part concurred with negligence on the part of the defendant in producing the result, the plaintiff can not recover.—*Murphy v. C. & N. W. R. R. Co.*, 45 Wis. 222; *Kesesee v. R. R. Co.*, 30 Ia. 78; *Railway Co. v. Haworth*, 39 Ill. 346; *Railway Co. v. Maxfield*, 72 Ill. 95; *Railway Co. v. Brady*, 17 Kan. 380; *Coates v. R. R. Co.*, 61 Mo. 38; *Brown v. R. R. Co.*, 37 Mo. 298; *Bevier v. Del. & H. Can. Co.*, 13 Hun. 254; *Birge v. Gardner*, 19 Conn. 507; *Penn. Co. v. Gallentine*, 77 Ind. 329; *M. & W. R. R. Co. v. McConnell*, 27 Ga. 481; *Collins v. N. Y. C. R. R. Co.*, 5 Hun. 499.

W. T. SANDERS and McCLELLAN & McCLELLAN, *contra*. Where the plaintiff uses his land in a natural and proper way for the purposes for which it is suitable, he is not chargeable with contributory negligence from a failure to take precautions against the negligence of a railway company.—8 Amer. & Eng. Encyc. of Law,

16, and authorities cited. Permitting the roof to be in such a condition that it is liable to take fire easier than if it had a good roof, is not contributory negligence. *Phila. & Reading R. R. Co. v. Hendrickson*, 80 Pa. St. 183; *Burke v. L. & N. R. R. Co.*, 7 Heisk. (Tenn.) 451; *R. & D. R. R. Co. v. Medley*, 75 Va. 499; *Fero v. Buffalo &c. R. Co.*, 22 N. Y. 209.

COLEMAN, J.—The first question presented arises upon the motion of appellee to strike the bill of exceptions from the record. The motion is predicated upon the following facts : The trial terminated on the 10th of October, 1896. On that day, the court made an order allowing sixty days from date, within which the defendant might prepare a bill of exceptions. Before the expiration of the time, the court extended the time forty additional days. On the 7th of January, 1897, the judge signed an instrument purporting to be the bill of exceptions. Instead of filing the instrument in court, it was sent to counsel for appellee, who retained it until February 9th, and with many objections and suggestions, returned it to the judge. After this time, the judge made alterations in the instrument which had been signed as a bill of exceptions. There had been no order granting further time, after the expiration of the forty days.

It is clearly the law, that a judge has no authority to sign a bill of exceptions in vacation, after the expiration of the time fixed by the last previous order, nor under any circumstances after six months.—Act of February 22d, 1887, (Acts of 1886–87, p. 126) ; *Beal v. The State*, 99 Ala. 234; *Morris v. Brannen*, 103 Ala. 602; *Bass Furnace Co. v. Glasscock*, 86 Ala. 244. Section 2760 of the Code of 1886 provides that when the bill of exceptions is signed by the presiding judge it "thereby becomes a part of the record." We then have a case of a bill of exceptions signed by the judge on the 7th of January, 1897, a day within the time fixed by the order. Instead of filing the bill in court the judge encloses it to counsel for appellee, writing them to the effect that, notwithstanding having signed it, he would make such subsequent changes as he might deem proper to be made. The bill of exceptions was returned to the judge by appellee's counsel on the 9th of February, 1897, and some

time between that day and the 12th of April, the altera-
tions were made.   More than six months had elapsed
before the bill was filed with the clerk.

It is a common principle of law, that parol evidence is
inadmissible to contradict, add to or vary a record, and
by repeated decisions of this court the rule has applied
to bills of exceptions, after they had been signed and
sealed by the judge.   It is equally well settled, that
after the judge has signed the bill of exceptions, and
court has adjourned, or the time allowed for signing the
same has expired, it is beyond his power to alter, modify
or explain it.—*Chapman v. Holding*, 54 Ala. 61 ; *Pearce
v. Clements*, 93 Ala. 256 ; *Rosson v. The State*, 92 Ala. 76.
In the case of *Cullum v. Casey*, 1 Ala. 351, 355, it was
declared, that where a court assumes to act in a partic-
ular cause when it had no power to sit in any cause, its
acts are not judicial, and are void.

If it was an admitted fact that the bill of exceptions
in the record was the same as that signed by the presid-
ing judge on January 7th, and there was an attempt to
correct or modify it in any way by parol, the decisions
are conclusive, that it could not be done.   The question
presented is, whether parol evidence is admissible to
show that the bill of exceptions, after it became a part
of the record, was altered ; or that in fact it was signed
at a time when the judge had do power to act.   It would
seem to be wholly useless to declare that after a bill has
been signed, a judge has no power to alter or modify it,
and yet hold that a party is concluded from proving the
alteration ; or in holding that a judge has no authority
to sign a bill of exceptions after a certain date, and yet
hold, that any date he may give to the bill of exceptions
is conclusive of its truth.   In the case of *Kitchen v.
Moye*, 17 Ala. 394, in answer to a writ of *certiorari*, a
transcript was sent up with a bill of exceptions bearing
date as if signed in term time.   The certificate of the
clerk, however, showed that in fact, it had been signed
in vacation.   The bill of exceptions was rejected, the
court declaring that the judge had no authority to add
to or vary a bill of exceptions in vacation.

The rule which declares that parol evidence is inad-
missible to vary or contradict a record, does not prohibit
the introduction of such evidence when the purpose is to
show, that a paper writing or instrument which purports

to be a record, in fact is not a record.—*Dyer v. Brogan*, 70 Cal. 136 ; 20 Am. & Eng. Encyc. of Law, 517, note ; 3 Cowen & Hill's notes on Phil. on Ev. Chap, 1, note 550, pp. 317, 797 ; Starkie on Ev., (9 ed.), § 320, p. 290.

In the case of *Lewis v. Intendant, etc. of Gainesville*, 7 Ala. 85, it was held that when the transcript from the commississioners' court discloses that the court had jurisdiction over the subject, the time when it held its session can not be inquired into collaterally ; but in this case the court held that this fact could be controverted in a direct proceeding upon the record. The question came up again in the case of *Wightman v. Karsner*, 20 Ala. 446, in which the court declared that the statement quoted from 7 Ala., *supra*, was a *dictum*, and laid down the principle that the time of holding the session could be inquired into even on collateral proceeding, and that the orders of a court, at a time not authorized by law, were mere nullities.

On the other hand, without deciding the question, if the instrument when signed on the 7th of January, was not intended to be effective as a bill of exceptions, but to be regarded in the nature of an escrow, subject to future action, as might well be inferred from the letter and affidavit of the presiding judge, and it was in fact subsequently rewritten, with material changes, then there is no evidence as to the time when it was intended to operate as a bill of exceptions, except the date of the filing with the clerk, to-wit, April 12, 1897. This date is not only beyond the time within which the judge had authority by virtue of previous orders to sign the bill, but is beyond six months, a time prohibited by the statute. Our statute makes no provision for the filing of a bill of exceptions, and it is unnecessary to consider that view of the question.—3 Encyc. Pl. & Pr., 476. Our conclusion is, the evidence is admissible, and the motion to strike the bill of exceptions must be granted.

This conclusion leaves but two questions open for consideration, and they are the rulings of the court upon the demurrers of plaintiff to pleas numbered 2 and 3 of the defendant. The defense set up in the second plea is, that under the facts as therein stated, the Governor was not authorized to appoint a special judge. The plea shows that the regular judge organized the court and during the term was taken sick and became unable to

complete the term. The contention is, that the act of the legislature (Acts of 1894–95, p. 1135), which authorizes the Governor to appoint a special judge, does not apply, when the term is begun by the regular judge, but only when he cannot be present at the organization of the court. This construction seems to us to be too narrow, to be in harmony with the spirit and letter of the act. If during the term the regular judge becomes unable to preside and transact the business of the court and is absent, the judge fails "to attend" such term, within the meaning of the statute, as much so as if he had been absent the entire term.

The 3d plea was intended to present the defense of contributory negligence. The plea reads as follows: "That the house was located sixty-three feet from the centre of its railroad track, and that it was built many years after the road was constructed and used; that the house was covered with poplar shingles, and was constructed with a valley extending from the top of the house, in a western direction, towards the roadway, and that the plaintiff carelessly and negligently suffered leaves of dry and inflammable character to accumulate in said valley, on top of said dwelling-house, and that if the plaintiff's house was set on fire by sparks from defendant's engine, the fire originated by sparks falling in the dry leaves which had accumulated in said valley, on top of said house, and had been allowed by the plaintiff to remain there," etc.

An examination of the authorities upon the question of the duty of one who owns land adjacent to a railroad track upon which trains are continually running, to guard his property against the possibility from fire from passing engines, shows that the courts are not together. Many decisions are collected in 8 Am. & Eng. Encyc. of Law, p. 16. The author states the text as follows: "When the plaintiff uses his land in a natural and proper way for the purposes for which it is suitable, he is not chargeable with contributory negligence from a failure to take precautions against the negligence of a railway company. When a defendant undertakes to set up the facts, relied upon to constitute contributory negligence, unless the facts stated are such that the court can declare as a legal conclusion that they are sufficient, or unless they are of that character, that a jury would be

legally authorized to infer from them, contributory negligence, the defendant is not entitled to have the plaintiff to join issue upon the plea." In the case at bar the plea shows, that the plaintiff constructed her house upon her own land, sixty-three feet from the centre of the track. It was covered with poplar shingles with a valley extending from the top of the house towards the roadway. Certainly, no element of negligence can be found in these facts. The plea further states that the plaintiff negligently suffered leaves of dry and inflammable character to accumulate in the valley. The question then is, does the law require the owner of a dwelling house, properly constructed and erected on his own land sixty feet from a railroad track, to keep a lookout and see that leaves do not naturally fall or accumulate on the roof of his dwelling, lest the railroad should be guilty of negligence and ignite the leaves? We do not think any of the cases have carried the principle of contributory negligence so far. The text we have cited does not authorize the application of the rule to this state of facts. Without formulating a general principle, we are of opinion that the court did not err in holding that the plea did not present a proper issue, and in striking it from the file.

Affirmed.