# Hayes *v.* Woodham.

### *Action of Assumpsit.*

1. *Signing of bill of exceptions; adjourned term of court.*—An adjourned term of the circuit court, which is held beyond the time fixed at the regular term for signing the bill of exceptions, can not be considered as a continuation of the regular term, for the purpose of signing such bill of exceptions; and, therefore, a bill of exceptions signed by the judge at an adjourned term after the expiration of the time allowed in the order made at the regular term, is not signed within the time provided for by law, and on motion properly made will be stricken from the transcript.

[Hayes v. Woodham.]

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. A. H. ALSTON.

This was an action brought by the appellee, Ulysses G. Woodham, against the appellant, Harrison R. Hayes; and counted by a bond given by the defendant to the plaintiff.

On the trial of the case there was a judgment rendered in favor of the plaintiff. This judgment was rendered on October 10, 1902, and the judgment entry contained the following recital: "It is further considered that the defendant have thirty days from the adjournment of this court, in which to prepare and have signed his bill of exceptions." On October 16, 1902, the court adjourned, and on said day there was an order made by the presiding judge calling an adjourned term, and in the order of adjournment there was a special term of the court called. The order calling the special term of the court, which was entered on October 16, 1902, was as follows: "It is ordered by the court that this court do now adjourn until the 17th day of November, 1902, at which day it will convene for an adjourned term of two weeks," etc. The bill of exceptions was signed by the judge on November 29, 1902. In the record there was contained an agreement of counsel, which was in words and figures as follows: "It is agreed by and between the parties that the bill of exceptions in this cause is a correct bill of exceptions, and that it was presented to the Hon. A. H. Alston, the judge who presided at the trial, for his signature on the 29th day of November, 1902, the last day of the adjourned term of the circuit court of Marshall county, held in November, 1902. This the 29th day of November, 1902."

In the Supreme Court there was a motion made by the appellee to strike the bill of exceptions from the record, upon the ground that it was not signed within the time fixed by the order of the court.

STREET & ISBELL, for appellant.—The bill was signed more than thirty days from the adjournment of the regular term, but during an adjourned term of the same court. It is very clear that this was sufficient.—*Barron*

*v. Barron,* 122 Ala. 194; *Blake v. Harlan,* 75 Ala. 205; *Seale v. Chambless,* 35 Ala. 19; Code, (1896), § 917 and citations.

JOHN A. LUSK and McCORD & McCORD, *contra.*

McCLELLAN, C. J.—Reaffirming the ruling made in the case of *Phillips, Buttorff Mfg. Co. v. Goodwin Bros. et al., infra,* to the effect that an adjourned term of the circuit court held beyond the time fixed at the regular term for signing a bill of exceptions, is not to be taken as a part or continuation of the regular term for the purpose of signing such bill of exceptions, and, of consequence, that a bill signed by the judge at the adjourned term beyond the time allowed in the order made at the regular term, is out of time, the motion to strike the paper purporting to be a bill of exceptions from the transcripe before us must be granted.  The only points raised by the assignment of error are based upon the supposed bill of exceptions.  That being eliminated the judgment will have to stand.

Bill of exceptions stricken.

Judgment affirmed.