[Ex Parte Walker, et al.]

# Ex Parte Walker, *et al.*

### *Mandamus.*

(Decided Feb. 14th, 1907. 43 So. Rep. 130.)

*Mandamus; Subject of Relief; Proceedings of Court; Record.*—As each court must, of necessity, make up its own record and certify to them, the supreme court will not compel the circuit court to take and treat as a bill of exceptions a paper which had been stricken from its records by the probate court prior to the appeal to the circuit court.

Original petition in Supreme Court.

Trimble Walker and Adele Baker were the contestants in a cause pending in the probate court of Montgomery county, wherein B. W. Walker was the contestee on a petition to probate the will of their grandmother. Judgment was rendered for contestee on the 23d day of August, 1904, and an appeal was taken from said judgment to the circuit court of Montgomery county on the 22d day of September, 1904, and a bill of exceptions filed in the probate court in said cause on the 6th of September, 1904, and signed by the judge of probate on the 18th of February, 1905. After the adjournment of said probate court, and after the expiration of six months from the time said judgment was rendered in said court, and on the 23d day of March, 1905, the contestee filed a motion in the probate court to strike the bill of exceptions, and on the 29th day of April, 1905, the probate court entered an order striking said bill of exceptions from the record. On the 24th of May, 1905, contestants filed a motion to restore said bill of exceptions to the record in said cause, and said motion was overruled by the court. On May 29, 1905, the contestant in open court and while the court was in session made an oral motion for a writ of certiorari, directed to the judge of the probate court, commanding him to send up the complete record in the cause. The

motion was granted. A writ of certiorari was issued, directed to the judge of probate, and commanded him to send up the full record in the case. Responding to this writ, the judge of probate sent up what he termed a "true and complete transcript" in said cause, and on his return made the following indorsement: "The paper purporting to be a bill of exceptions was by some inadvertence marked 'Filed' on the 6th of September, 1904, before it was signed. Afterwards said paper was stricken from the file in pursuance of the order of this court on the proceedings and for the cause shown in the order of this court, a transcript of which is certified to the circuit court as a part of this return. The original of said paper so struck, marked '10,' is hereby sent up to the circuit court, but not as a part of the record of this court." On June 2, 1905, petitioners filed in the circuit court a petition praying that "the bill of exceptions in its present shape, as sent up by said probate judge in response to the writ of certiorari issued to him by this court, be restored to the record in this case, and that the same be treated and considered by this court as the proper and legal bill of exceptions in this case." This motion was refused. Contestant filed another motion, setting up a lot of facts concerning the bill of exceptions, and attaching the bill of exceptions as originally filed, with corrections made as suggested by the other party, and prayed that it be taken and considered by this court as the bill of exceptions. This motion was also denied. Upon these facts petition for mandamus was filed, seeking to compel the judge of the circuit court of Montgomery county to treat the paper filed in the probate court and stricken from the record there as the bill of exceptions in the appeal then pending in the Montgomery circuit court. Petition for mandamus was denied.

PEARSON & RICHARDSON, for appellant.—This cause is a novel one but the following authorities sustain the proposition that the proper remedy is by writ of mandamus.—*Ex parte Jones*, 133 Ala. 212; *Ex parte Woodruff*, 123 Ala. 99; *Wilson v. Duncan*, 114 Ala. 659; *Ex*

[Ex Parte Walker, et al.]

parte *Tower Mfg. C.*, 103 Ala. 415; *Ex parte Hayes,* 92 Ala. 120; *In re Barbour Paving Co.*, 67 L. R. A. 761. It does not appear which of the two motions is alluded to by the pleader, whether the one that the bill of exceptions be stricken or the one that it be restored to the record, and hence, this ground of defense will not be considered.—13 Enc. P. & P. 716. There can be no appeal from a void order or judgment.—*McMillan v. City of Gadsden,* 39 South. 569. The circuit court has the power to exercise a general superintendence over all inferior jurisdictions.—Section 918, Code 1896. This court has similar power over the circuit court.—Section 3826, Code 1896.

E. J. PARSONS, and GUNTER & GUNTER, for appellee. —Mandamus is not the proper remedy.—*Bibb v. Gaston,* 40 South. 936; *Ex parte Campbell,* 30 South. 385; *Ex parte Huckabee,* 71 Ala. 427; *Ex parte Ellston,* 25 Ala. 72. Every court has the power to control its own records and make them speak the truth.—*Ex parte Henderson,* 84 Ala. 36; *Pearce v. Clements,* 72 Ala. 256; *Moore v. Lassaur,* 33 Ala. 237; *Norris v. Cottrell,* 20 Ala. 304; *Stephens v. Norris,* 15 Ala. 79. The bill of exceptions never became a part of the record in the circuit court.—*L. & N. R. R. Co. v. Malone,* 116 Ala. 600. It was appellant's duty to show affirmatively that the bill of exceptions was signed in time.—*Capehart v. McGahey,* 40 South. 657.

SIMPSON, J.—The application for a writ of mandamus in this case seeks to have this court compel the judge of the circuit court of Montgomery county to treat as a bill of exceptions a certain paper which had been stricken from the record of the probate court of Montgomery county previous to the appeal from that court to the circuit court. All appellate courts, in hearing appeals from inferior courts, must necessarily treat the record of the court below, as certified by the said court, as the record in the case. Each court must make out its own record and certify to the same, and for the appellate court to open the record and receive

testimony, on which to add to the record certain things which the court itself has certified not to be in the record, would open a field of inquiry entirely inconsistent with the principles which govern in cases of appeal. If the lower court has acted erroneously, in excluding anything from the record which properly belonged therein, or in inserting anything therein which was not entitled to a place in the record, the matter should be remedied in the court where the error occurred, or by appropriate action in the superior court, either by appeal or by some writ to compel the performance of a plain duty. Under our statutes and decisions, bills of exceptions, when properly signed, become parts of the record, and while our statutes have provided a way by which a bill of exceptions may be established when the judge of the inferior court refuses to sign it, and while this court will also inquire whether a bill of exceptions has been signed within the time prescribed by law, so as to become a part of the record, yet no way has been provided by which appellate courts can otherwise change the records of the inferior courts.—*Pearce v. Clements,* 73 Ala. 256; *Ex parte Henderson,* 84 Ala. 36, 4 South. 284; *L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 603, 604, 22 South. 897.

The writ is denied.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.