# Zavelo *v.* Leichtman, Goodman & Co.

## *Trover.*

(Decided Feb. 9, 1911.   54 South. 537.)

1. *Appeal and Error; Assignment; Failure to Insist.*—Assignments of error which are not discussed in the appellant's brief, but are merely referred to in the statement of the case, will not be considered on appeal.

· 2. *Same; Review; Grounds; Presentation in Lower Court.*—Where the record fails to show any action taken by the trial court on demurrer the presumption is indulged that the demurrer was withdrawn or abandoned, and such action will not be reviewed on appeal.

3. *Same; Harmless Error; Pleading.*—Where there were other pleas not demurred to, which set up substantially the same matters of fact, and under which the party has the same benefit on the trial as under pleas to which demurrers were sustained, the fact that demurrers were improperly sustained to such pleas works no injury.

4. *New Trial; Motion for; How Shown.*—Unless presented by bill of exceptions the ruling on a motion for new trial cannot be reviewed on appeal.

5. *Actions; Joiner; Same Transaction.*—A complaint which joins a count in trover with counts in case in an action by the seller of goods against a trespasser who is alleged to have obtained the goods when bankrupt under a false representation as to his financial ability, is not demurrable, since they arise out of the same transaction and relate to the same subject matter. (Code section 5329.)

6. *Pleading; Demurrer; Amendment.*—Where demurrers are interposed to counts, and the complaint is amended as to these counts and refiled, and as amended, the counts meet the objections pointed out by the demurrer, the demurrer is properly overruled. ·

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Leichtman, Goodman & Company, against B. Zavelo, in trover and in case. From a judgment for plaintiff defendant appeals. Affirmed.

The first count was in trover for the conversion of certain personal property.

Count 2 is as follows: "Plaintiffs further claim of defendant $500 as damages, for that on, to wit, the 15th of September, 1905, defendant falsely represented to

plaintiffs that he was solvent; that plaintiffs, believing said representation, and relying on same were induced thereby to sell and deliver to defendant on credit a large quantity of clothing, to wit, $500 worth; and plaintiffs aver that defendant did not pay for said goods, to their damage as aforesaid."

Count 3: "Plaintiffs further claim of defendant $500 damages, for that on, to wit, September 15, 1905, plaintiffs sold defendant on credit clothing of large value, to wit, $500; that at the time of said purchase and sale defendant was insolvent or in failing circumstances, and had either a design not to pay for said goods or had no reason or expectation of being able to pay for them, and either represented that he was either solvent, or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or the fact that he did not intend to pay, or expect to be able to pay for the goods, all to plaintiffs' damage as aforesaid." This count was amended by adding the words "and delivered" just after the words "plaintiffs sold," and just before the word, "defendant" in the second line of count 3.

The demurrers raise the point that the second and third counts fail to aver or show that any goods or property were delivered to the defendant.

(2) That it is not averred that defendant failed to pay for said goods, nor is it averred in either of said counts that plaintiff has rescinded such sale. The third demurrer was to the whole complaint for a misjoinder.

The pleas were the general issue and the following special pleas:

(2) For further answer to each count of the complaint, separately and severally, the defendant says that on, to wit, the 22d day of November, 1905, he was duly

[Zavelo v. Leichtman, Goodman & Co.]

adjudicated a bankrupt by a decree of the District Court of the United States for the Northern District of Alabama, a certified copy of which is hereto attached and made a part hereof, and that thereafter the defendant offered a composition to the creditors under the acts of Congress relating to bankruptcy, which was accepted and such composition confirmed, a certified copy of which is hereto attached, and that in said bankruptcy proceedings the plaintiffs were duly scheduled as creditors, and said claim was duly scheduled therein, or that plaintiffs had actual notice or knowledge of said bankruptcy proceedings; and defendant avers that plaintiffs on, to wit, the 10th day of January, 1906, with full knowledge of said alleged fraud, and the falsity of said representation, and the said conversion, filed in said bankruptcy court in said proceedings their account for goods, wares, and merchandise sold the defendant, duly verified, which account was by said court allowed, and the plaintiffs' dividend under said composition paid in to the Bank of Steiner Bros., as ordered and provided in said composition proceding, or the said dividend was paid to plaintiffs; and defendant avers that the said account is for the same property described in the complaint, and for the conversion of which plaintiffs claim, and for the same goods sold by plaintiffs to defendant; and defendant avers that said claim is barred by said proceedings in bankruptcy." Then follow the exhibits as named in the complaint.

(3) "The defendant, for answer to said averments of counts 2 and 3, says that on the 22d day of November, 1906, he was duly adjudged a bankrupt by the District Court of the United States for the Northern District of Alabama, Southern Division, in Birmingham, and such proceedings were had in such cause; that defendant

offered a composition to his creditors, which composition was accepted, and was by the court confirmed, and said bankruptcy proceedings were dismissed by said court; that, pending said proceedings, plaintiffs rescinded said alleged sale, and filed a petition in said cause on the 27th day of November, 1905, praying that said merchandise referred to in each count be delivered to plaintiffs, and on said date the said bankruptcy court ordered said goods and merchandise held subject to the orders of the court on said petition; that thereafter, on the 10th day of January, 1906, the plaintiffs elected to make claim in said bankruptcy proceedings for the purchase price of said goods, and filed their claim for the full purchase price thereof, in accordance with the acts of Congress relating to bankruptcy, which claim was allowed, and upon which claim plaintiffs received and were paid the dividend in cash provided in said composition; and defendant avers that at the time of making said claim in said bankruptcy proceeding, and having same allowed, and the dividends paid, the plaintiffs had full knowledge of the financial condition of the defendant at the time of said sale, and full knowledge of the said alleged fraudulent intent of the defendant at the time of the said purchase, and full knowledge of the said alleged conversion, and the said defendant avers that the proceedings in bankruptcy constitute a bar to this action."

(4) "That on, to wit, the 27th day of November, 1905, the defendant was duly adjudicated a bankrupt by the District Court of the United States, Northern District of Alabama, Southern Division, at Birmingham; that said court had jurisdiction of said cause; that certain proceedings were had therein; and that on the 6th of February, 1906, the judge of said court confirmed the

composition made by the defendant with his creditors in said cause, and the said proceedings in bankruptcy were thereafter dismissed. That the defendant had the merchandise described in the complaint in his possession, at the time of said proceedings, and that all of said property so in defendant's possession was delivered to the receiver in said cause by the defendant. That while the property was so in possession of the receiver, and on the 27th day of November, the plaintiffs filed in said cause their petition praying that said property described in this complaint be delivered to them, and for an order adjudging said property to be the property of plaintiffs, and the said plaintiffs alleged in said petition that they had rescinded the contract of sale alleged in the second and third counts of the complaint, and that this defendant held the said goods at the time of the bankruptcy subject to plaintiffs' order. And defendant avers that thereafter, on the same day, an order was made in said bankruptcy proceedings on said petition requiring the receiver to inventory said property, and to hold the goods subject to further order of the court; that thereafter, on the 10th day of January, 1906, plaintiffs proved their claims in said bankruptcy proceeding, in accordance with the acts of Congress relating to bankruptcy, to the amount of $454.54, the same being the original purchase price of said goods in the sale to defendant, and the said claim was allowed in said bankruptcy proceeding, and a dividend thereon paid; that after the dismissal of said bankruptcy proceeding, in accordance with the terms of said composition, all the property of the bankrupt estate, including said property described in the complaint, or the part thereof in the possession of the receiver, was delivered by the receiver or trustee to this defendant, and this defendant

[Zavelo v. Leichtman, Goodman & Co.]

proceeded to sell the same in the usual course of trade. And defendant avers that the plaintiffs are now estopped by their said acts to set up their claim as alleged in the complaint; that at the time of the filing of said petition, and at the time of said rescission the plaintiffs knew or had been informed of the true financial condition of the defendant at the time of said sale, and had been informed of all the facts and circumstances relating to said sale, and at the time said petition for the recovery of said property was filed had rescinded said sale, had disaffirmed the contract of sale, and elected to recover said property or its proceeds, and afterwards, as aforesaid, proved their claim to the full amount of the damages recoverable on said rescission, had received a dividend thereon, and that by the proof and allowance of said claim the defendant was put to the additional trouble and expense of depositing according to the terms of said composition the sum of $133.63, the same being 25 cents on the dollar of plaintiffs' demand. Plaintiff further had full knowledge at the time of said rescission that all of said property described in the complaint was not in the possession of the defendant or said receiver, and that a part of said merchandise had been sold by defendant in the regular course of trade."

(5) "Answering the first count of the complaint, the defendant says that he makes all of the fourth plea a part of this plea, and he further avers that before said bankruptcy proceeding some of the said goods described in the complaint had been sold by the defendant in the regular course of business, in his retail trade as a merchant, after the same were delivered to the defendant by the trustee in said cause, and this is the conversion claimed by the plaintiff in said complaint."

The demurrers to the second plea were as follows:

(1) "It does not sufficiently appear that the United States District Court had jurisdiction to adjudge said Zavelo a bankrupt."

(2) "It does not appear sufficiently that said composition was ever confirmed by the court in which said bankruptcy proceedings were pending, or by any court having jurisdiction to confirm the same."

(3) "It is not answer to counts 2 and 3."

(4) "That count 2 of the complaint is for a willful and malicious injury to plaintiffs, or their property, which is a cause of action not barred or discharged by a composition in bankruptcy."

(5) "A composition in bankruptcy does not bar, discharge, nor affect a demand for obtaining property by false pretenses or false representation, such as alleged in counts 2 and 3."

(6) "For that it does not sufficiently appear whether plaintiffs were scheduled as creditors of the defendant, or whether plaintiffs had actual notice of said bankruptcy; said matters being alleged in the alternative merely."

(7) "For that it does not appear sufficiently that the cause of action sued on in the several counts of the complaint, or either of same, were provable debts of the defendant at the time of the filing of said bankruptcy proceedings or prior to the confirmation of the composition therein."

(8) "It does not sufficiently appear therefrom that the demands sued on are dischargeable in bankruptcy, nor that the same are of such character as to be affected by a discharge or composition in bankruptcy."

These grounds were assigned to plea 3 with the following additional grounds:

(A) "It is not sufficiently shown that plaintiffs, with knowledge of the facts, elected to rescind the sale."

(B) "It does not sufficiently appear that any rescision of said sale was effected or consummated, nor that defendant prior to such rescission had not disposed of said goods, nor that plaintiffs succeeded in again recovering same."

(C) "It does not sufficiently show any estoppel on part of plaintiffs to maintain action for said false pretense or representation."

(D) "For that a composition in bankruptcy does not operate to bar, discharge, or affect a liability for obtaining property by the manner    and means shown by counts 2 and 3."

(E) "It does not sufficiently appear that the demands mentioned in counts 2 and 3 of the complaint were at any time prior to the confirmation of the composition in bankruptcy provable debts of defendant or against his estate, or entitled to participate in the distribution of defendant's property or in said bankruptcy proceeding."

Practically the same grounds of demurrer were assigned to pleas 4 and 5, with the additional ground that plea 4 is not an answer to count 1, and as to plea 5 that it was too indefinite, in that it does not sufficiently appear to which count of complaint same is addressed, and that the same is, by reason of reference to plea 4, unintelligible.

C. B. POWELL, for appellant. Each demand in the several counts of the complaint are dischargeable debts, and therefore, barred by the composition in bankruptcy. —*Moses v. Clayes,* 11 Barb. 110; Collier on Bankruptcy, 315; Bankruptcy Act 1898. The second plea makes out a good defense to the second and third count.—*In re Collins,* 19 Am. Bankruptcy Rep. 693. When the plaintiff sued in the bankrupt court on the original contract and received a dividend thereon, he waived the tort.—

*Fletcher v. Postell,* 17 A. B. R. 316; *In re Kenyon,* 19 A. B. R. 197; *Parmlee v. A'dolph,* 28 Ohio St. 10; *Tindall v. Burkett,* 205 U. S. 183. The third count is predicated on the constructive clause, and does not come within the purview of the Bankrupt Act.—*Maxwell v. Brown Shoe Co.* 114 Ala. 301. In order to maintain his suit against the plea, the complainant should affirmatively show that the claim was within the excepted debts. The 3rd plea is also good as a plea of election of remedy. *Wilson v. Stephens,* 129 Ala. 637; *Adams v. Sayre,* 76 Ala. 515; *McQueen v. Whetstone,* 127 Ala. 417; *In re Kenyon, supra.* A claim for conversion is both proveable and dischargeable in bankruptcy.—*Hickman v. Richburg,* 26 South. 136. There is no averment of the scienter in the second count.—*Forsyth v. Vehmeyer,* 177 U. S. 177; *Stranger v. Bradner,* 144 U. S. 555. The mere representation of solvency is not the representation of a fact.—*Cooper v. Slessinger,* 111 U. S. 148. The representation must be knowingly false.—*Russell v. Burkett,* 5 A. B. R. 608.

GEORGE HUDDLESTON, for appellee. A complaint showing an actionable wrong need not negative payment.—4 Enc. P. & P. 614; 16 ib. 182. Assignments of error 1 to 5 inclusive, are not sufficiently discussed to warrant a review of same by this court.—*Pearson v. Adams,* 129 Ala. 157. As to assignments 6, 7, 8 and 9, the rulings on demurrers to the pleas there set out were harmless, since the defendant had the same benefit under other pleas, to which no demurrers were interposed.—*Holmes v. The Bank,* 120 Ala. 492; *FirstNat. Bank v. Chandler,* 144 Ala. 286. As to the sufficiency of the pleas counsel cite.—*Wood v. The State,* 48 Ga. 297; *State v. Brady,* 100 Ia. 44; *Putnam v. Osgood,* 51 N. H. 207; 51 Ill. App.

151; 48 Ohio, 483; 53 Cal. 494; 18 C. C. 19. The debts set up in counts 1, 2 and 3 were not proveable debts.— Section 63 Bankruptcy Act; Collier on Bankruptcy, 700; I Rem. on Bankruptcy, sec. 635. A plea which confesses to answer a whole of a complaint is bad if it is an answer to one of the counts only.—*1st Nat. Bank v. 1st Nat. Bank,* 116 Ala. 520; *Smith v. Dick,* 95 Ala. 311; *Snedicor v. Pope,* 143 Ala. 275; *Galbraith v. Coles,* 61 Ala. 139. Some of the pleas squint both ways as pleas of bankruptcy and estoppel, and pleas 2, 4 and 5 have no averments whatever of the jurisriction of the Bankruptcy Court, and as these courts are of limited statutory jurisdiction, the fact of jurisdiction should appear.—*Bardees v. Harward & Bank,* 178 U. S. 524; Collier on Bankruptcy, 18, note 10. The pleas were not good as pleas of estoppel.—Bigelow an Estoppel, 679; *Hall v. Henderson,* 126 Ala. 490; 8 Enc. P. & P. 9. No showing of final judgments on the merits of the petition for rescission is shown—*Zavelo v. Cohen,* 156 Ala. 517. No plea is offered to count 1 showing a waiver.—*Miller v. King,* 67 Ala. 575.

DOWDELL, C. J.—This case was tried by the court below without the intervention of a jury, and a judgment rendered in favor of the plaintiffs, from which the defendant appeals.

There is no bill of exceptions in the record, and the assignments of error relate alone to the rulings of the court on the pleadings. The first five assignments of error are predicated on the court's action in overruling defendant's demurrers to the complaint as amended. These assignments of error are not discussed in appellant's brief. They are merely referred to in the statement of the case. This is not such an insistence in argu-

[Zavelo v. Leichtman, Goodman & Co.]

ment as entitles them to consideration in this court (*Pearson v. Adams,* 129 Ala. 157, 29 South. 977, and cases there cited) ; and with this comment we might pass them by. However, we have examined them, and we fail to see that any error was committed in overruling the demurrers. These demurrers were interposed to counts 2 and 3 as originally filed, and afterwards refiled to the counts as amended. The counts as amended met the objections pointed out in the demurrers. The demurrer to the complaint as a whole, for misjoinder in joining a count in trover with counts in case, is without merit. Code 1907, § 5329.

There were five pleas filed to the complaint; the first being the general issue, and the rest, special pleas. Demurrers were interposed to each of these special pleas; but no ruling was had on the demurrer to special plea 3, and consequently the assignment of error as to any ruling on demurrer to this plea is without foundation. Where the record fails to show any action taken by the court on a demurrer, in order to support the judgment of the court the presumption on appeal is that the demurrer was withdrawn or abandoned. This is the settled rule of this court.

A demurrer to plea 2 was sustained so far as the plea purported to answer counts 2 and 3 of the complaint, but was overruled so far as it purported to answer count 1.

To plea 4, which purported to answer the whole complaint, a demurrer was sustained, and so to plea 5, which purported to answer count 1 only.

These several rulings are separately assigned as error.

Besides the general issue, the case was tried on plea 2 as an answer to count 1, and on special plea 3, which answered counts 2 and 3.

The principle seems to be settled on reason and authority that, where a demurrer is improperly sustained to a plea, the error is harmless and will not work a reversal when there are other pleas not demurred to, which set up substantially the same matters of defense as did the plea demurred to, and the party has the benefit of a trial on such other pleas.—*Holmes v. Bank,* 120 Ala. 493, 24 South. 959; *First National Bank v. Chandler,* 144 Ala. 286, 39 South, 822, 113 Am. St. Rep. 39, and cases there cited.

Plea 2, as an answer to the first count, set up substantially the same defense as did plea 5, which was addressed alone to count 1, and to which a demurrer was sutained. The same evidence required to support plea 5 would have supported plea 2. Consequently, if there was error in the ruling on the demurrer to plea 5, it was harmless error. For like reasons the ruling on the demurrer to plea 2 as an answer to counts 2 and 3 of the complaint, if error, was harmless, since plea 3, which remained in as an answer to these counts, set up the same defense as did plea 2. The same may be said as to the ruling on the demurrer to plea 4, which was addressed to the whole complaint. As an answer to count 1 of the complaint, the defendant had the benefit of the same defense set up in this plea, under plea 2, which remained in as an answer to the count, and the benefit of the same defense under plea 3 as an answer to counts 2 and 3. So if it should be conceded that there was error in any of these rulings on the demurrers to the pleas, and which we do not decide, it was error without injury.

There is one other assignment of error, and that is on the action of the court in overruling the motion for a new trial. There is no bill of exceptions in the record, and in this way only can the ruling on the motion be

[Yellow Pine Lumber Co. v. Alabama State Land Co.]

presented for review on appeal; and hence it is not to be considered.

We find no reversible error in the record and the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.