(98 South. 874)

## MAUNEY v. ELECTRIC CONST. CO. et al.
### (7 Div. 405.)

(Supreme Court of Alabama. Jan. 17, 1924.)

**1. Exceptions, bill of ⬅⮞39(1)—Must be tendered within statutory time and in statutory form by party aggrieved.**

Under Code 1907, §§ 3018, 3019, a bill of exceptions must be tendered within the time and in the form prescribed by law by the party supposing himself aggrieved by the action of the trial court.

**2. Appeal and error ⬅⮞670(2)—On motion to strike it may be shown that bill of exceptions was not tendered as prescribed by statute.**

Under Code 1907, §§ 3018, 3019, it may be shown by affidavits in support of a motion to strike the bill of exceptions that it was not tendered as prescribed.

**3. Appeal and error ⬅⮞655(2)—Bill of exceptions changed by attorney after execution by judge stricken.**

Where, after a bill of exceptions had been presented to and signed by the trial judge, it was discovered that it erroneously described defendants as the aggrieved parties and plaintiff's attorney, believing the error was self-corrective, made the change, *held* that, under Code 1907, §§ 3018, 3019, the bill of exceptions should be stricken from the record.

**4. Appeal and error ⬅⮞655(2)—Not subject to material changes without consent of parties, and may be stricken on court's motion.**

The bill of exceptions is not subject to material changes without the knowledge and consent of the parties and in the manner recognized by law, and the court may on its own motion strike a bill of exceptions not made a part of the record in exact accordance with Code 1907, § 3019.

**5. Appeal and error ⬅⮞544(1)—No review of rulings at trial in absence of bill of exceptions.**

In the absence of a bill of exceptions, rulings as to evidence and charges will not be reviewed.

**6. Pleading ⬅⮞8(17)—Negligence may be alleged as conclusion where facts alleged show duty.**

Where the facts averred show that defendant was under a duty to plaintiff, it may be averred by way of a conclusion that defendant's negligence proximately caused the damage.

**7. Electricity ⬅⮞19(2)—Count for negligent installation of wires held sufficient.**

In an action for the alleged negligent installation of electric wires resulting in the burning of plaintiff's dwelling, count *held* sufficient.

**8. Appeal and error ⬅⮞1040(4)—Sustaining demurrer to count covered by another count held harmless.**

Where a count to which a demurrer was not sustained required or permitted no higher degree or different matter of proof than another count, to which demurrer was sustained, sustaining the demurrer *held* error without injury.

**9. Electricity ⬅⮞19(2)—Proof permitted under counts averring failure to "insulate" or "protect" wires.**

In an action for negligent installation of electric wires, resulting in the burning of plaintiff's dwelling, count alleging a breach of defendant's duty to properly "insulate or protect" the wires *held* to authorize any proof that would be admissible under count alleging a breach of defendant's duty to properly insulate the wires; "insulate" meaning to separate from conducting bodies by means of nonconductors, as to prevent the transfer of electricity or heat, and "protect" meaning to cover or shield from danger or injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Protect —Protection.]

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages by E. P. Mauney against the Electric Construction Company, a partnership, and others for alleged negligent installation of electric wires, resulting in the burning of plaintiff's dwelling. Judgment for defendants, and plaintiff appeals. Affirmed.

J. M. Miller, of Gadsden, for appellant.

Count 2 of the complaint was not subject to the demurrer interposed. 3 Mayfield's Dig. 11; Mary Lee Co. v. Chambliss, 97 Ala. 171, 11 South. 897; Bloom v. Cullman, 197 Ala. 490, 73 South. 85. The alteration of the bill was of a formal matter, and was harmless and immaterial. Winter-Loeb v. Pool, 100 Ala. 503, 14 South. 411; Holloway v. Hudson Lbr. Co., 194 Ala. 181, 69 South. 821; Sheffield Co. v. Harris, 183 Ala. 357, 61 South. 88.

Goodhue & Lusk, of Gadsden, for appellees.

Any material alteration of a bill of exceptions by a party to the cause, without consent of the opposing party, will cause the same to be stricken on motion. L. & N. v. Malone, 116 Ala. 600, 22 South. 897; 4 C. J. 323; Heath v. Lewis, 200 Ala. 509, 76 South. 451; Glenn v. Pruet, 17 Ala. App. 108, 82 South. 556; Gorman v. Morton, 203 Ala. 530, 84 South. 766. Demurrer to count 2 was sustained without error. Sup. Ct. rule 1, 2 Code 1907, p. 1506; Woodruff v. Smith, 127 Ala. 77, 28 South. 736; Williams v. Coosa Co., 138 Ala. 673, 33 South. 1015.

THOMAS, J. The cause was submitted on motion and merits.

The motion is to strike from the transcript the bill of exceptions, on grounds that (1) it has been altered, amended, or changed since it was signed by the judge presiding, etc.; (2) has been defaced or interlined since it became a part of the record; (3) that said bill of exceptions was neither presented nor tendered to the judge who tried this cause, etc.; and (4) that there has been

an alteration of a material part of the bill of exceptions since it became a part of the record.

[1-3] A bill of exceptions must be tendered by the party supposing himself aggrieved by the ruling or action of the court on the hearing, and it must be within the time and in the form prescribed by law. It may be shown by affidavits, in support of a motion to strike a bill of exceptions, that it was not tendered as prescribed by statute. Code 1907, §§ 3018, 3019; Brannan v. Sherry, 195 Ala. 272, 71 South. 106; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Rice v. Beavers & Co., 196 Ala. 355, 71 South. 659; Williams v. State, 205 Ala. 76, 87 South. 530. The affidavits presented in support of the motion show the bill of exceptions (made a part of this record) as being that of the "plaintiff" as the party aggrieved, and that as tendered to the presiding judge and signed by him showed that it was presented by the "defendant" as the party aggrieved.

The fact is that the bill of exceptions presented to and signed by the judge presiding at the trial inadvertently and erroneously concluded with the use of the word "defendant," when the word "plaintiff" was intended. It was:

"The above and foregoing being all the evidence in this case and being all the proceedings known otherwise on record, defendant says that there is manifest error in the several rulings of the court as shown in the above bill of exceptions, and within ninety days from the date of such judgment rendered in this case, defendants present and render this their bill of exceptions and ask that it be signed by the presiding judge and may be made a part of the record in this case on appeal to the Supreme Court of Alabama.

"Which is accordingly done this 14th day of July, 1923, within the time allowed by law. Woodson J. Martin, Circuit Judge of the Sixteenth Judicial Circuit, who presided at the above-stated trial.

"Presented this 10th day of May, 1923. Woodson J. Martin, Circuit Judge of the Sixteenth Judicial Circuit who presided at the above-stated trial."

The affidavit of movant is that, after signature and filing in the clerk's office, the word "plaintiff" was inserted for "defendants," "his" inserted for "their," and the letter "s" affixed to the words "present," "render," and "ask"; and that said changes were made by appellant's counsel after copy of the transcript had been prepared by the clerk and delivered to counsel for opposing party, and before it was filed in this court. The affidavit of the deputy clerk shows that the changes were made publicly as follows:

" * * * And as such deputy clerk, was, on Friday the 16th day of November, 1923, preparing a transcript for the Supreme Court in the above-stated cause, and that J. M. Miller, attorney for the appellant came into the office and that she called his attention to the fact that near the end of the transcript the word 'defendant' appeared in two places where the word 'plaintiff' was plainly indicated. That the said J. M. Miller, in the presence of a number of people, and publicly said that the error was self-corrective, and ran a pen through the word 'defendant' and wrote the word 'plaintiff' in both instances."

The affidavit of counsel making the change, as being a self-correcting misprision, was:

" * * * That on Friday, November 16, 1923, while Ruth Moore, deputy clerk, was making out a transcript in the circuit clerk's office in said county, affiant came into the office, and the said deputy clerk informed him that near the end of said bill of exceptions, the word 'defendant' appeared where the word 'plaintiff' was plainly indicated, that affiant remarked that the error was self-corrective and thereupon ran his pen through the word 'defendant' and wrote the word 'plaintiff.' This was done publicly and in the presence of a number of people."

The appeal bond is not signed by either party to the litigation, though its recital shows that the appeal was—

"taken by E. P. Mauney to the Supreme Court of Alabama from the circuit court of Etowah county, in the case of E. P. Mauney v. Electric Construction Company, a copartnership, * * * from the judgment in said cause."

The notice of the appeal was to the Electric Construction Company of date May 24, 1923; the date indorsed on the bill of exceptions as that on which it was presented was May 10th, and it was signed by the presiding judge on July 14, 1923.

The requirement of the statute that the bill of exceptions "must be *tendered by the party supposing himself aggrieved*," stating the point, charge, opinion, or decision wherein the court is supposed to have erred, and within the time allowed by the statute, is material. Code 1907, §§ 3018, 3019. (Italics supplied.) It has been held that, if there is conflict between the bill of exceptions and the record proper, the bill of exceptions controls as to matters of which it should speak (and the bill is construed most strongly against the excepting party), and that the record speaks as to the other matters. Hurst v. Bell, 72 Ala. 336; McDonald v. Jacobs, 77 Ala. 524; Courie v. Goodwin, 89 Ala. 569, 8 South. 9; Brinson v. Edwards, 94 Ala. 447, 10 South. 219; National Bank v. Baker Hill Iron Co., 108 Ala. 635, 19 South. 47.

In L. & N. R. Co. v. Malone, 116 Ala. 600, 603, 22 South. 897, this court said that parol evidence may be received to show that a bill of exceptions was altered after it became a part of the record by being signed by the judge who presided at the trial. The court said:

"The question presented is, whether parol evidence is admissible to show that the bill of exceptions, after it became a part of the record, was altered; or that in fact it was signed at a time when the judge had no power to act. It

would seem to be wholly useless to declare that after a bill has been signed, a judge has no power to alter or modify it, and yet hold that a party is concluded from proving the alteration; or in holding that a judge has no authority to sign a bill of exceptions after a certain date, and yet hold that any date he may give to the bill of exceptions is conclusive of its truth."

In Ex parte Walker, 149 Ala. 637, 640, 43 South. 130, 131, in response to application for mandamus to compel the lower court to treat as a bill of exceptions a certain paper which had been stricken from the record, it was declared:

"Under our statutes and decisions, bills of exceptions, when properly signed, become parts of the record, and while our statutes have provided a way by which a bill of exceptions may be established when the judge of the inferior court refuses to sign it, and while this court will also inquire whether a bill of exceptions has been signed within the time prescribed by law, so as to become a part of the record, yet no way has been provided by which appellate courts can otherwise change the records of the inferior courts. Pearce v. Clements, 73 Ala. 256; Ex parte Henderson, 84 Ala. 36, 4 South. 284; L. & N. R. R. Co. v. Malone, 116 Ala. 600, 603, 604, 22 South. 897."

And in Gunter & Gunter v. Pollak, 169 Ala. 591, 593, 53 South. 1002, 1003, it is declared:

"Under the English statute it was steadily ruled that a bill of exceptions when sealed could not be subject of dispute in respect of the truth of the facts contained in it. 2 Tidd's Proc. p. 864; 2 Bacon's Abr. (Bouvier Ed.) p. 113. In this state it has long been firmly settled that a bill of exceptions, signed in due time, becomes a part of the record of this court, and its contents import absolute verity. * * * Like all other records, they import absolute verity, and cannot be altered after their execution by the judge who presided on the trial, or by proof in this court showing errors committed therein."

And in Hughes v. Albertville Merc. Co., 173 Ala. 559, 56 South. 120, is the declaration that a bill of exceptions when signed is made a part of the record, "and cannot be changed or corrected by resorting to extraneous matters." To like effect is Briggs v. T. C. I. & R. Co., 175 Ala. 130, 57 South. 882. In State ex rel. Tate v. Powell, 184 Ala. 46, 63 South. 542, it was held:

"Where a bill of exceptions was lost after having been signed and filed, the only way in which it could be substituted was by a proceeding for that purpose instituted on notice to the adverse party under the provisions of section 5739, Code 1907; hence, the filing of the second bill which relator procured to be signed by the trial judge as and for the original bill, reciting that it contained all the exceptions, etc., and was signed and filed within the time, was not effectual for any purpose."

[4] The foregoing authorities are sufficient to illustrate the sacredness with which the bill of exceptions becoming a part of the record is held; and how the same is not subject to material changes without the knowledge and consent of the parties and in the manner recognized by law; and that the court may, ex mero motu, strike a bill of exceptions not made a part of the record in exact accord with the statute. Code 1907, § 3019. See, also, Heath v. Lewis, 200 Ala. 509, 76 South. 451; Glenn v. Pruet, 17 Ala. App. 108, 82 South. 556.

In Schuessler v. Wilson, 56 Ala. 516, 519, the question was as to who reserved an exception when the bill of exceptions contained the recital that it was by defendant, appellee in this court. Judge Stone treated this as a clerical misprision that was explained by the context, which was:

"'And the court sustained said objections, and refused to allow said declaration to be filed; and to this ruling of the court the defendant thereupon excepted, and, in consequence of the adverse ruling being unable to proceed further with his case, he thereupon took a nonsuit, with leave to file a bill of exceptions; and plaintiffs now tender this their bill of exceptions, which is signed and sealed,' etc."

See, also, Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74; Wilder v. Bush, 201 Ala. 21, 75 South. 143.

These cases did not present the question before us—changing the party who presented the bill of exceptions to the presiding judge.

Be it understood that the affidavits on file show that the material alterations were made "in the presence of a number of people, and publicly," under the mistaken belief that the same were not material, or that they were errors that were self-corrective. The fact remains that it was a material alteration, though done in good faith, that had the effect of changing the entire purport of the bill of exceptions as to the "party aggrieved," different from the purport and legal effect of the bill of exceptions presented to and signed by the judge presiding at the trial. The motion is granted, and the bill of exceptions is stricken, since the material changes, made therein after the signing by the presiding judge, were not made pursuant to a method indicated by law. Holloway v. Henderson Lumber Co., 194 Ala. 181, 69 South. 821.

[5] In the absence of a bill of exceptions, rulings as to evidence and charges will not be reviewed.

[6] The sustaining of demurrer to count 2 as amended is challenged. The duty to plaintiff in the premises being shown by the facts averred, the negligent failure of defendants in respect thereto proximately causing the damage for which complaint is made may be averred by way of a conclusion of the pleader. T. C. I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540; A. F. & I. Co. v. Bush, 204 Ala. 658, 86 South. 541; B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565. The expressions "negligently caused or

allowed" (L. & N. R. Co. v. Jones, Adm'r, 130 Ala. 456, 30 South. 586), "negligently failed" or permitted (Robinson Mining Co. v. Tolbert, 132 Ala. 462, 31 South. 519; Little Cahaba Coal Co. v. Gilbert, 178 Ala. 515, 59 South. 445), and "negligently ordered" (Republic I. & S. Co. v. Williams, 168 Ala. 612, 53 South. 76; Sloss-Sheffield S. & I. Co. v. Terry, 191 Ala. 476, 67 South. 678), have been approved in appropriate pleadings.

[7-9] The complaint avers facts that showed defendants' duty in the premises: (1) That for a reward paid them they undertook to· properly equip the plaintiff's house "with wires and other devices"; (2) that through such instrumentality the house was to be lighted by electricity; (3) that defendants did this work by and through their servants and agents, in such manner that they (4) negligently failed to properly insulate said wires, so that, coming in contact with the woodwork of the house, by reason thereof it was set fire to and burned, to the proximate damage sought to be recovered by this suit. This was a sufficient averment of duty and negligence in its discharge, and of the proximate damage resulting from the failure of said duty to plaintiff. Bloom v. City of Cullman, 197 Ala. 490, 73 South. 85. The same matter was sought to be more fully stated in count A. If the latter count required or permitted no higher degree, or different matter, of proof of the negligent failure of the defendants proximately causing plaintiff's damage, the sustaining of demurrer to count 2 as amended was error without injury. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929. The amended count 2 averred the failure of the discharge of defendants' duty to plaintiff to properly insulate said wires; and the averment of the failure of duty contained in count A was to properly insulate or protect the said wires. Thus in the latter count the averment of the negligent failure of duty in the "protection," as well as that of "insulation," of said wires, was different. "Insulate" in physics means to separate from conducting bodies by means of nonconductors, as to prevent transfer of electricity or heat. Thus an electric wire may be insulated by several kinds of covering, as metal or rubber, and not be protected from injury or abrasion. "Protect" means to cover or shield from danger or injury. Webster's New Internat. Dict. "insulate," page 1120, and "protect," page 1722; 20 C. J. 355; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 South. 979. There was, however, no reversible error in sustaining demurrer to count 2 as amended, since plaintiff had the benefit of the matter sought to be set up in count 2 as amended under one of the alternatives contained in count A.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.