(132 So. 313)

## CITY OF BIRMINGHAM v. CHAMBLESS.

### 6 Div. 705.

Supreme Court of Alabama.

Jan. 22, 1931.

Wilkinson & Burton, of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

ANDERSON, C. J.

Count 1 as amended was not subject to the defendant's demurrer. It charges that the plaintiff stepped in a hole or depression in the paved part of a street, describing the hole or depression and giving the location, and that, as a proximate cause, she fell down a high terrace to that portion of the street used by vehicles. The negligence charged was in permitting the hole to remain in the street "exposed and unprotected" for more than a year. If the defendant negligently permitted the defect to remain in the street an unreasonable length of time, this would be equivalent to notice. Lord v. City of Mobile, 113 Ala. 361, 21 So. 366; City of Ensley v. Smith, 165 Ala. 387, 51 So. 343; City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619.

Counsel for appellant attach some importance to and criticize the use of the word "exposed," and set out in deadly parallel definitions of the word "exposed," each of which contains the words "lay open." We are willing to adopt these definitions, and think that the word "exposed," as used in the complaint, means that the defendant negligently permitted said hole to remain open and unprotected or unguarded. We also think the complaint shows a causal connection between the injury sustained and the negligence charged.

There was no bill of exceptions in this case, and the only other assignments of error relate to charges refused the defendant and the action of the trial court in refusing the motion for a new trial.

This court will not review the action of the trial court in giving or refusing requested charges in the absence of a bill of exceptions. Mauney v. Electric Const. Co., 210 Ala. 554, 98 So. 874.

The cases cited by appellant's counsel are inapt. Black v. Sloss-Sheffield Co., 202 Ala. 506, 80 So. 794, and Miller v. Mutual Grocery Co., 214 Ala. 62, 106 So. 396, were cases involving rulings on pleading, and the court simply held that, where charges were sent up, they might be looked to in determining whether or not the rulings on the pleading were injurious, although there was no bill of exceptions. They do not hold that the action of the court in giving or refusing charges will be reviewed in the absence of a bill of exceptions.

The case of Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156, was a reversal as to the ruling on the pleading.

The action of the trial court in refusing the motion for a new trial cannot be reviewed in the absence of a bill of exceptions. Zavelo v. Leichtman, Goodman & Co., 171 Ala. 65, 54 So. 537.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.