9 So.2d 778

## MERRITT v. CARTER.

### 6 Div. 833.

Court of Appeals of Alabama.

April 7, 1942.

Rehearing Denied May 12, 1942.

Chas. W. Greer, of Birmingham, for appellant.

F. D. McArthur and Hal W. Howard, both of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The record in this case discloses that the judgment appealed from was pronounced and entered by the trial court on April 2, 1941; and that the bill of exceptions was presented to the trial judge on the 4th day of September, 1941, and was approved and signed by said judge on October 3, 1941.

This record further shows that on May 13, 1941, the defendant filed in the trial court his motion for a new trial, and on that day presented said motion to the trial judge, who immediately continued said motion for hearing to 7th day of June, 1941. Upon the hearing of the motion June 7, 1941, said trial judge dismissed said motion upon the ground that it was filed more than 30 days after rendition of the judgment.

Appellee has here filed her motion to strike said bill of exceptions from the record, for the reasons stated, and the submission in this court was had upon "Motion and merits."

The Statute (Code 1940, Title 13, Section 119) provides, that after the lapse of 30 days, from the date upon which a judgment is rendered, the trial court loses all power over it, unless a motion to set aside the judgment and grant a new trial has been filed and called to the attention of the court and an order entered, within said 30 days continuing it for a future day.

It affirmatively appears from the record, that on the date of filing said motion the trial court had no jurisdiction whatever, over said motion. The inter-

ested parties themselves could not by agreement, or otherwise, confer any power or authority upon the trial court to entertain or consider said motion. Ex parte Margart, 207 Ala. 604, 93 So. 505.

It is therefore apparent that the action of the trial court in continuing said motion for hearing to June 7, 1941, was a nullity and did not operate to extend the time within which to present a bill of exceptions. Ex parte Margart, supra.

Under the Statute a bill of exceptions must be filed within 90 days from the date of the entry of the judgment, and not afterwards. Code 1940, Tit. 7, § 822. As stated, the judgment in the instant case was entered on April 2, 1941. The bill of exceptions was filed and presented to the trial judge on September 4, 1941, or more than 90 days from the entry of the judgment. Hence, said bill of exceptions was not filed in compliance with the provisions of the controlling Statute, and the motion of appellee to strike said bill of exceptions must be, and the same is hereby granted, and the bill of exceptions, for the reasons stated, is stricken from the record in this case. Hayes v. Woodham, 139 Ala. 387, 36 So. 545; Margart's case, supra.

The bill of exceptions having been stricken, the rulings of the trial court upon the testimony, and upon the giving or refusal of special written charges may not be reviewed. Mauney v. Electric Const. Co. et al., 210 Ala. 554, 98 So. 874; City of Birmingham v. Chambless, 222 Ala. 249, 132 So. 313.

Affirmed.